ROBIN GIFFORD v. JOHN DYER, EX'R.

Where a testatrix made a will supposing her son to be dead, when in fact he was alive ; *held*, that the mistake could not be proved by testimony *dehors* the will, but in order to affect the will, it must appear upon its face and it must also appear what would have been the will of the testatrix but for the mistake.

THIS was an appeal from a decree of the Court of Probate of Little Compton, proving and approving the last will and Testament of Abigail Irish. The will was dated December 4, 1850, and the testatrix died December 6, 1850. After several bequests of small sums to the children of Robin Gifford and to others, she gives and bequeaths the rest and residue of her property, one half to John Dyer, who was her brother-in-law, and the other half to her two nephews, Jesse and Alexander Dyer. Robin Gifford, the only child of the testatrix, was not mentioned in the will. It appeared in evidence, that at the date of the will, Robin Gifford had been absent from home, leaving a family, for a period of ten years, unheard from ; that all the neighbors considered him dead, and

that his estate had been administered upon as of a person deceased. The scrivener who drew the will, testified as follows: "After I had read the will to her, she asked if it would make any difference if she did not mention her son. I asked if she considered him living. She said she supposed he had been dead for years ; she said, if it would make any difference she would put his name in, for they will break the will if they can. I think that was the expression she used. I think she said what she had given to her grand-children was in lieu of what he would have, but am not positive. I think her son left in 1841, and was not heard of to my knowledge. She was speaking of a home at Mr. Dyer's and said, what she had given him would pay him well. She said her grand children had not been to see her while she was sick." It appeared that the testatrix had resided with John Dyer for some time previous to her death.

*Sheffield* for the appellant contended that the will was void, because

1. At the time of the making of the will the testatrix supposed her son, and only heir, to be dead, and, in consequence of this mistake, did not understand the relation which she bore to him whom the law recognizes as the proper object of her bounty. *Milnes v. Duncan.* (6 B. & C. 671.) *Byer v. Dixon.* (1. Term. R. 285.) *Haydon v. Stoughton.* (8 Pick. 536.) (12 William III. ch. 7.) *Yerby v. Yerby.* (3 Call. 289.) *Campbell v. French.* (3 Ves. 321.) *Doe d Evans v. Evans.* (2 Per. & D. 378.) *Doe d Lancashire v. Lancashire.* (5 D. & E. pp. 52, 58, 59. 4 Kent, 521. Dig. 28, 592.)

2. Under the circumstances of this case, the law will infer a condition annexed to the will, that it should not

take effect in the event of the heir being in life. *Doe d Evans v. Evans.* (2 Per. & D. 378.) And this rule is in accordance with the Statute 12 William III. ch. 7, which is declaratory of the common law and was early adopted in our State, and also with the civil law, which is a part of the common law upon the subject of wills.

*A. C. Greene* for the appellee, contended, That the statute of William III, though at one time the law of the State, had been repealed by the Revision or 1798 ; that the appearance of Robin Gifford could not operate a revocation of the will, because it was not one of the statutory causes of revocation. (Dig. of 1844, p. 231, sec. 3.) That the will could not be considered void *ab initio*, because under our statute the will must stand, unless procured by fraud or unless executed under a mistake apparent upon its face. (1 Story's Eq. Jur. § 179.) *Smith v. Maitland,* (1 Ves. 363.) That it could not be known that the testatrix would have made a different will if she had supposed her son living. The will contained numerous bequests and the court would not carry out the intention of the testatrix by setting them aside in favor of her son. *Campbell v. French,* (3 Ves. 321.) In the cases cited for the appellant it was apparent from the will itself, what would have been the disposition but for the mistake. They were cases where the testator revokes a legacy, supposing the legatee dead when he is alive, and the Court had held the revocation void, because by so doing it carried out the intent of the testator. But even if a will could be set aside by evidence *dehors* the will, it should not be done in this case, because it appeared from the evidence that the testatrix did not intend her son should take any thing, even if alive.

GREENE, C. J., delivered the opinion of the Court. It is very apparent in the present case, that the testatrix would have made the same will, had she known her son was living. She did not intend to give him anything, if living.

But if this were not apparent and she had made the will under a mistake as to the supposed death of her son, this could not be shewn *dehors* the will. The mistake must appear on the face of the will, and it must also appear what would have been the will of the testatrix but for the mistake. Thus, where the testator revokes a legacy, upon the mistaken supposition that the legatee is dead, and this appears on the face of the instrument of revocation, such revocation was held void. *Campbell v. French*, (3 Vesey 321.)