## STATE ( *Potter, com.* ) v. JAMES SNOW.

| | |
|---|---|
| 3 | 64 |
| 12 | 66 |
| 3 | 64 |
| 16 | 552 |
| 3 | 64 |
| 20 | 636 |
| 3 | 64 |
| 21 | 531 |
| 3 | 64 |
| 22 | 200 |

A statute which provides that property shall be adjudged forfeit, and destroyed, for a violation of law, is not in conflict with the constitutional prohibition that "private property shall not be taken for public use without just compensation."

The provision of Section 6, Art. 1, of the Constitution, that a search warrant shall describe "as nearly as may be, the place to be searched, and the persons or things to be seized," requires only that the description be as near as the circumstances will permit, according to the nature of the property or thing.

A statute is void only so far as it conflicts with the Constitution, and one portion may be declared unconstitutional, and the residue constitutional.

To render valid a judgment of forfeiture, under a penal act, the parties interested in the subject of the adjudication should be informed of the nature and cause of the charge upon which the adjudication is to be made, and afforded opportunity to answer and defend.

That portion (Sect. 9,) of the "act for the more effectual suppression of Drinking Houses and Tippling Shops" which provides for a judgment of forfeiture of liquors seized upon search warrant, cannot be carried out consistently with the requirements of the Constitution, by any mode therein prescribed, and is void.

Whether the provisions for amendment of process and pleadings in Section 14 of said act, are in conflict with the Constitution,—*quære?*

Whether said act is unconstitutional, because under Sections 4 and 8, one may be twice convicted upon the same facts, i. e. convicted of three several sales upon complaint and warrant, and then upon indictment as a common seller, be convicted upon proving the same three sales,—*quære?* (1.)

It is an approved rule that no one can take advantage of the unconstitutionality of an act, who has no interest in, and is not affected by it.

---

(1.) For the Court's opinion upon this point, see *State* v. *Sterry Johnson,* heard at March term, 1855, in Kent County, reported in this volume.

State (Potter, com.) *v.* James Snow.

THIS case was brought to the consideration of this Court by a certificate from the Court of Magistrates of the city of Providence, under an act amending the act prescribing the manner of proceedings in Courts, (P. L. p. 1029.)

On the 11th of November, 1854, by one of the justices of said Court, a complaint and warrant was issued against the defendant, charging

"That at said Providence, in said county, on the 1st day of July, A. D. 1854, and on divers other days between that day and the 11th day of November, A. D. 1854, and on said last mentioned day, with force and arms, the defendant did keep or suffer to be kept upon his premises or possessions, or under his charge for purposes of sale within the city of Providence, to wit, in a certain building, situate on the north side of Stevens street, in said Providence, in the northeasterly room in the basement of said building, said building being Number 10 on said street, ale, wine, rum, or other strong or malt liquors, or mixed liquors, a part of which was ale, wine, rum, or other strong or malt liquors, in violation of the act entitled, " An act for the more effectual suppression of drinking houses and tippling shops," and without authority as an agent of said city, to sell ale, wine, rum, or other strong and malt liquors to be used for medicinal and mechanical purposes only, first had and obtained from the Mayor and Aldermen of said city, against the statute and the peace and dignity of the State."

And on the same day, a complaint has made to the same justice by three legal voters of the city of Providence, under oath,

"That they have reason to believe, and do believe, that in a certain building, situate on the north side of Stevens street, in said Providence, in the northeasterly room in the basement of said building, being numbered 10 on said street, a quantity of rum contained in two barrels, marked C, and in two jugs and two demijohns; also a quantity of brandy, contained in two barrels, marked C, and in two jugs and two demijohns; also a quantity of gin, contained in two jugs and two demijohns, and in two barrels, marked C, are held for sale by James Snow, of said

Providence, trader, within said Providence, contrary to the provisions of the act entitled, "An act for the more effectual suppression of drinking houses and tippling shops,"—and for the supposed unlawful holding or keeping of which said liquors a warrant has already been issued against said James Snow, upon complaint of Jabez J. Potter, one of the constables of the city of Providence, against the statute and the peace and dignity of the State."

And thereupon, the justice, under the same date, issued his warrant of search, addressed to the sheriff, and other officers of the law, in the words following:

"Complaint having been made to me on oath, as above written, and it having been satisfactorily shown that a warrant has already been issued according to law against one James Snow, of said Providence, the supposed owner of the liquors in said complaint described or the supposed person having them in charge: You are hereby required in the name of said State forthwith diligently to search in the day time, the premises in said complaint described, to wit: A certain building on the north side of Stevens street, in said Providence, in the northeasterly room in the basement of said building, said building being numbered 10 on said street, and a quantity of rum contained in two barrels, marked C, and in two jugs and two demijohns; also a quantity of brandy contained in two barrels, marked C, and in two jugs and two demijohns; and also a quantity of gin contained in two jugs and two demijohns, and in two barrels, marked C, and held for sale by James Snow, of Providence, trader, within said Providence, contrary to the provisions of the act entitled, "An act for the more effectual suppression of drinking houses and tippling shops," which shall by you be found on said premises, together with the casks or other vessels in which the same are contained, to seize and safely keep, as by law required. And for so doing, this shall be your warrant.

Hereof fail not, and make due return of this warrant, with your doings thereon, to me or some other lawful authority."

Upon this warrant, the officer charged with it, under date of November 11, 1854, made return in these words: "I have this day taken aid and proceeded to the within described premises, and have made search and have found a part of the within described articles, viz: One

barrel, containing a small quantity of rum, marked C, one demijohn containing gin, and one demijohn containing brandy, and the same have seized, and now have in my possession." And upon the complaint and warrant first above mentioned, under date of November 13, 1854, made return that he had apprehended the defendant, and had him before the Court of Magistrates as required.

On the arraignment of the defendant upon this complaint, a motion that the complaint be dismissed was made on his behalf, upon the grounds following :

1st. That the act of the General Assembly under which the same is brought, entitled, " An act for the more effectual. suppression of drinking houses and tippling shops," is in conflict with section 16, article 1, of the Constitution of this State, and therefore null and void.

2d. That Section 14th of said act enacts as follows : " Nor shall it be necessary to particularly describe the packages or kinds of liquor to be searched for," in the warrant issued for the seizure thereof ; which is in conflict with section 6th, article 1st, of said Constitution, and is therefore null and void.

3d. That in said section 14th it is enacted as follows : " And any defects in any such complaint and warrant, indictment or other proceeding, either of form or substance, may be amended, either by the justice, or court exercising the jurisdiction of a justice, or other court before whom the action, complaint or warrant, indictment, or other proceeding is originally brought," which is in conflict with section 10th of article 1st of said Constitution, and otherwise infringes the defendant's legal and constitutional rights, and is therefore null and void.

4th. That said act, in its several sections and provisions, is in conflict with the said Constitution, and infringes the right of the defendant under the same.

This motion the Court overruled, adjudging the act named to be constitutional, and certified these grounds of objection to this Court. In this Court, the Attorney

General consenting, the defendant was allowed to add to his objections a fifth, in these words:

5th. That it results from the provisions of the 4th and 8th sections of the said act, that an individual may be convicted and punished more than once for the same act: that is to say, may be convicted of three distinct sales of liquor upon three several warrants and punished for each offence; and then upon proof of the same three sales be convicted, upon an indictment as a common seller, and again punished.

On the 24th of November, before the full bench, the defendant, by *Salisbury*, his counsel, was heard in support of his objections, and *Robinson, Attorney General,* heard in reply; and on the 27th of December the opinion of the Court was delivered.

BRAYTON, J. In the argument in this case, the objections of the defendant's counsel to the constitutionality of the act before us, are mainly directed to the validity of the ninth section of the act commonly termed the seizure clause of the act, which provides for the forfeiture and destruction of the liquors unlawfully kept for sale against the provisions of the first and fourth sections of the act.

The first objection raised by the defendant's counsel is, that the act is in conflict with section 16th, art. 1st, of the Constitution, which is, "private property shall not be taken for public uses without just compensation."— This objection supposes that the property to be adjudged forfeited is in the sense of that section taken for public use. It is, however, simply adjudged forfeit for the violation of the law, and to this extent is in the nature of a penalty inflicted upon the owner. This provision of the Constitution was never supposed to apply to forfeiture and confiscation.

The second objection is against the fourteenth section of the act, which is claimed to be in conflict with the sixth section of article first of the Constitution. The provision contained in the fourteenth section of the act objected to is this: "Nor shall it be necessary to par- ticularly describe the packages or kinds of liquors to be searched for." And the provision of the sixth section of article first of the Constitution is, that "no search warrant shall issue but upon complaint in writing upon probable cause, supported by oath or affirmation, and describing, as nearly as may be, the place to be searched and the persons or things to be seized."

Does this provision of section fourteen authorize a warrant to issue, without describing the place to be searched, and the things to be seized, as nearly as may be? The provision in section ninth is, that the same requisites shall be observed before issuing a search war- rant under this act, as are required before the issuing of search warrants in other cases. Those requisites are such as are required by the Constitution.

The constitutional provision supposes that it would not be possible particularly to describe in all cases, and therefore it contents itself with providing for a descrip- tion as near as may be—i. e., as near as the circum- stances will admit, according to the nature of the prop- erty or thing.

We do not think the act in this respect is necessarily or clearly in conflict with the constitutional provision. It is still requisite that the description should be as nearly as may be, and yet not necessarily particular and precise, but varying according to the nature of the thing to be described.

The third objection is, that section fourteenth of the

act providing as follows: "And any defect in such complaint and warrant, indictment or other proceeding, either of form or substance, may be amended either by the justice, or court exercising the jurisdiction of a justice or other court, before whom the action, complaint or indictment, or other proceeding is originally brought," conflicts with section tenth of article one of the constitution, which provides that the accused shall enjoy the right "to be informed of the nature and cause of the accusation."

It is perhaps not necessary to consider whether an amendment under this section would deprive the accused of his right to be informed of the nature of the accusation of the cause. An amended accusation is nevertheless the same accusation, and when it ceases to be so, the alteration proposed ceases to be an amendment. But a fuller and more conclusive answer to the objection is, that the process is provided for in other portions of the act, and if this section fourteenth were omitted altogether, the residue of the act might be carried into effect.

One portion of an act might be declared unconstitutional, and the residue constitutional. The act is void so far only as it conflicts with the constitutional provisions, and no further. If to amend in the manner provided in this section so conflicts, it would only be necessary to say that such amendments cannot be made, and the proceedings as they are, must be tried by the law, as if no such provision for amendments had been made. The question of constitutionality, as to that provision, could never arise until some amendment is proposed to be made, and as a reason why it should not be made.

State (Potter, com.) *v.* James Snow.

The defendant's counsel contends that the provisions of the ninth section are in conflict with the tenth section of article first of the Constitution, which is that " in all criminal prosecutions the accused shall be informed of the nature and cause of the accusation against him," &c. " Nor shall he be deprived of life, liberty or property, unless by the judgment of his peers or the law of the land." And he claims that it is in conflict with the constitutional provision in this, that no trial is provided of the fact that the liquors to be condemned and forfeited were kept for sale, but only that some liquors were so kept.

The first section of the act provides that no person shall be allowed to keep or suffer to be kept on his premises or possessions, or under his charge, for the purposes of sale, any ale, wine, rum or other strong or malt liquors, or any mixed liquors, a part of which is ale, wine, rum or other strong or malt liquors.

Section fourth " provides that if any person shall keep or suffer to be kept such liquors for sale contrary to the provisions of the act, he shall, on conviction, pay the sum of twenty dollars," and then proceeds : " And all such liquors so kept by any person for sale in violation of the provisions of this act, shall be liable to be seized, together with the casks or other vessels containing them, and adjudged forfeited, upon complaint made and trial had as hereinafter provided."

This last provision for the forfeiture of liquors is to be carried into effect by virtue of the provisions of section ninth. This section provides the mode of proceeding to condemnation of the liquors, and it is to be done in that mode only. If that mode is not warranted by the Constitution, then no forfeiture can be adjudged under the act.

It is necessary to inquire what that mode is. Upon what complaint and what trial is the adjudication to be made? This section begins with providing that search warrants may issue to search for any of the liquors held for sale contrary to law; that before issuing it, there shall be a complaint in writing by three legal voters, and on oath, as required before issuing search warrants in other cases, and which shall distinctly set forth that the liquors described in the warrant are believed to be held for sale contrary to the provisions of this act. Upon this warrant the officer is to search the place described, and all such liquors described in his warrant as he shall find, he is required " to keep safely for the purposes of evidence in any case arising under this act."

No further proceedings are contemplated upon this complaint or warrant. Its purpose is answered in producing the liquors to be used in evidence. The judgment of forfeiture is upon some other complaint. But if it were in the contemplation of the act that any trial should be had upon this complaint, if any such inference were not excluded by the fact that they are to be kept for the purpose of evidence in any and all cases arising under the act, since there are no parties, no person is charged with the unlawful keeping of them—no one has notice of any such charge. Any trial upon it would be nugatory, since it would bind no one. The person in whose possession the liquors are found could neither be convicted nor acquitted upon it, for he is not accused.

There is another, and but one other, complaint provided for in this section. It is required that before any search warrant issues, a warrant shall issue for the supposed owner or keeper of the liquors, on a complaint of keeping or suffering to be kept on his premises, or pos-

sessions, or under his charge, liquors of the kind aforesaid, i. e. liquors such as are prohibited from being kept for sale.

Whatever trial is to be had then, is to be had upon this complaint. This does not charge the defendant with having kept *the liquors seized* contrary to the provisions of the act, but only that he has so kept liquors of the same kind.

Upon final conviction of the person in whose possession the liquors seized are found, they are to be thereupon adjudged forfeited and ordered to be destroyed.

Upon this complaint, upon proof of having kept for sale any liquors of the same kind, but other than those seized, he may be convicted, and thereupon the liquors seized adjudged forfeit: that is, upon proof that some liquors have been kept by the defendant, all other liquors which may be found in his possession may be forfeited, provided three legal voters shall have made oath that they believe they have been so kept by somebody—not that the one charged has so kept them—and without any proof produced against the defendant on his trial as to whether the liquors adjudged forfeit were or were not kept contrary to the provisions of the act, and without any trial of that fact or any notice of any such trial.

The fourth section, which provides for the forfeiture, provides that they shall be adjudged forfeit if they shall be kept for sale contrary to the provisions of this act; not because other liquors have been so kept, or because the same liquors have been kept by any other than the defendant.

It is the fact whether or not the liquors proposed to be adjudged forfeit have been kept contrary to the pro-

visions of the act, that must be tried and determined before a judgment of forfeiture can be made. Until that is judicially determined, it is not ascertained that they are liable to forfeiture under the act. Until then it does not appear that these liquors have been used as a means of violating the provisions of the act.

In order to the validity of any judicial trial, the parties interested in the subject of the adjudication should be informed of the nature and cause of the charge upon which the adjudication is to be made—they must have an opportunity to answer and defend.

Can it be said in this case that there is any such opportunity given to any person who has an interest in the things seized upon the search warrant, that he has any notice of any allegation of the facts necessary to exist in order to warrant a forfeiture, or of any proceeding against the liquors themselves?

We think not. No such allegation is anywhere made or to be made. No complaint of that kind is provided for, and the property is to be divested from the owner without any charge or trial of the facts upon which alone he could be legally divested, and without any notice of any such intended trial or inquiry.

We are therefore of opinion that that portion of the said act, providing for the judgment of forfeiture of the liquors, is not such as, consistently with the provisions of the constitution, can be carried into effect by any mode therein provided, and that such provisions are void.

The objections which we have considered are mainly directed to the ninth section of the act.

The complaint, however, upon which the defendant has

State (Potter, com.) *v.* James Snow.

been in the Court below found guilty, charges him with keeping for sale, contrary to law, strong or malt liquors, and is a proceeding for the penalty provided for in the fourth section.

The objections against the act, so far as they relate to or affect this proceeding, are, first, that the fourteenth section providing for amendment renders this proceeding unconstitutional. This we have already considered, and inasmuch as the provision for amendment is a distinct provision, and the act may be in all its other parts carried into effect without it, the proceeding would not be affected by that section.

There was another objection urged against the constitutionality of the act, viz : that in and by the eighth section of the act, it is provided that no person shall be allowed " to be a common seller of liquors, on pain of forfeiting on the first conviction the sum of one hundred dollars ; and three several sales, either to different persons, or to the same person, shall be sufficient to constitute one a common seller within the meaning of the act ;" and that under the eighth and fourth sections one may be twice convicted upon the same facts ; that he may be convicted upon each several sale, and then as a common seller, upon proving the same three sales.

Whatever might be the effect of these provisions upon a charge for selling without authority, the objection has no application to the case of the defendant. He is not charged with selling, and could not be convicted as a common seller, upon proof of merely keeping liquors for sale, and there is no such provision in the act. And it is a rule, and a very wholesome rule, that no one can take advantage of the unconstitutionality of an act, who has no interest in, and is not affected by it.

And we are, therefore, of opinion, that for any reasons urged, the provisions of the fourth section of the act, which provide penalties for keeping liquors for sale contrary to the act, are not in conflict with the Constitution.

The order following was passed in pursuance of the Court's Opinion:

"This cause having been certified from the Court of Magistrates of the city of Providence, to this Court, for a decision upon the constitutionality of the act of the General Assembly entitled, " An act for the more effectual suppression of Drinking Houses and Tippling Shops," which was brought in question in the trial of said cause in the said Court of Magistrates, upon the points submitted to this Court, we do now certify to the said Court of Magistrates,—

"That this Court are of opinion that the said act, in that portion thereof which provides for a judgment of forfeiture of liquors seized, is unconstitutional, and so far void.

"And the first and fourth sections of said act under which the proceedings against the defendant in the said cause have been prosecuted, are not, for any cause suggested, in conflict with the Constitution, and are therefore valid; and the said Court of Magistrates shall, on the sixth day of February, A. D. 1855, meet and proceed in said cause."