## Ruth A. Jenks _vs._ Frank R. Jenks _et al._

### PROVIDENCE—MARCH 8, 1905.

Present: Douglas, C. J., Dubois and Blodgett, JJ.

(1)   _Equity._   _Wills._   _Omission to Provide for Children._   _Cloud on Title._

Gen. Laws R. I. cap. 203, sec. 22, provides "when a testator omits to provide in his will for any of his children, or for the issue of a deceased child, they shall take the same share of his estate that they would have been entitled to if he had died intestate, unless it appears that the omission was intentional, and not occasioned by accident or mistake."

Complainant was the widow and sole devisee under the will of her husband, who deceased leaving children him surviving; complainant was in possession of the real estate:—

_Held_, that a bill in equity seeking a decree declaring that the omission of the testator to provide for his children was intentional would lie for the purpose of removing a cloud upon complainant's title.

(2)   _Wills._   _Omission to Provide._   _Parol Evidence._

The intention of a testator under Gen. Laws, cap. 203, sec. 22, may be shown by parol evidence, and need not appear in the will itself.

Bill in Equity on grounds set out in opinion. Heard on demurrer to bill, and demurrer overruled.

Douglas, C. J. This is a bill in equity which alleges that the complainant is the widow and sole beneficiary and legatee under the will of William H. Jenks, deceased; that said testator left children surviving him, but that his omission to provide for them in his will was not occasioned by accident or mistake, but was intentional on his part; and that the complainant is in possession of a certain portion of said real estate situated in Rhode Island, and has been in possession of other portions, since the death of the testator, which she has conveyed away by warranty deeds.

(1)   The bill further represents that by force of Gen. Laws R. I. cap. 203, § 22, and by reason of the fact that there are children surviving the testator, there exists a cloud upon her title which she prays may be removed by decree of this court declaring that the omission of the said testator to provide in his said will for his said children, or any of them, as afroesaid, was inten-

tional on his part and not occasioned by accident or mistake, and confirming her title to the said real estate as against any or all of the said children who are made respondents to the bill.

One of the respondents demurs to the bill; and upon the demurrer the substantial question arises whether this court has jurisdiction in equity, in the circumstances set forth, to ascertain the intention of a testator with respect to the omission of his children from his will.

The argument of the respondents' counsel is that the complainant has no present title in fee, and no equitable title or interest in the land except her dower right until the fact is made manifest which she prays in her bill to have established; that, under the provisions of our statute, upon the death of William H. Jenks the title in fee in all the real estate belonging to him passed directly to his children as if he were intestate, and there are no allegations in said bill of complaint which would authorize a court of equity to divest these heirs at law of their title.

We do not so construe the statute. The will gives the whole of the property to the widow and does not mention the children. The statute provides that unless this exclusion was intentional the children shall take as if no will had been made; but we can not say, before the question is determined, whether or not the will was operative according to its terms. The bill alleges that it was so operative because expressed in accordance with the intention of the testator. If so, the legal title passed to the widow immediately upon the death of the testator; not, as the respondent supposes, to the children liable to be divested. If the omission of the children in the will was unintentional, then the title passed directly to them on the death of the testator. The fact is certain, though, until we have heard the evidence, we may not be able to say what it was; and for the purposes of this case, on demurrer, we must assume it to have been as alleged in the bill. The widow is in possession of the property in question, and, as she alleges, is the owner of the same in fee simple; yet her title must be doubtful and unmarketable until in some way it is ascertained that the apparent

devise to her is valid in law. As she is in possession, she can not bring ejectment and so settle her title in a court of law. She has no remedy unless this court can afford one. It would be manifestly unjust to require her to wait the pleasure of the heirs, who might bring ejectment against her. They might delay proceeding until all persons having knowledge of the intention of the testator had passed away. We think she has a right to bring the matter to an issue while it is fresh in the recollection of living witnesses, and that this proceeding is a proper one for the purpose.

(2)      This court has already held *In re O'Connor*, 21 R. I. 465, that the intention of the testator under Gen. Laws R. I. cap. 203, § 22, may be shown by parol evidence and need not appear in the will itself. This is not introducing evidence to contradict a will, but to support its very words. In the words of Chief Justice Fuller in *Coulam* v. *Doull*, 133 U. S. 216, 231, it simply proves that the testator "meant what he said."

In two cases this mode of procedure has been followed in this court, *Greene v. Greene*, Equity No. 5596, decided January 8, 1902, and *Daignault* v. *Daignault*, Equity No. 6091, decided November 25, 1903. These cases were tried with no objection on the part of counsel or the court, or any expression of doubt that the proceeding was a proper one and in accordance with the ordinary practice in equity to dispel a cloud upon title.

The demurrer must be overruled.

*Lellan J. Tuck*, for complainant.

*Cooke & Angell*, for respondent Frank R. Jenks.