GRACE P. MITCHELL *vs.* HELEN L. MITCHELL.

NOVEMBER 17, 1926.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

(1) *Wills. Failure to Provide for After-Born Children.*

Gen. Laws, 1923, cap. 298, sec. 22, providing that when a testator omits to provide in his will for any of his children, they shall take the same share that they would have been entitled to if he had died intestate, unless it appears that the omission was intentional and not occasioned by accident or mistake; applies to after-born children with the same effect as to those in being at the time of the execution of the will.

(2) *Wills. Failure to Provide for After-Born Children. Parol Evidence.*

An intentional omission to provide for the children of a testator, under Gen. Laws, 1923, cap. 298, sec. 22, can be proved by parol evidence.

(3) *Wills. Failure to Provide for After-Born Children. Presumptions.*

Where a testator has failed to provide in his will for after-born children, the presumption is that the omission was unintentional.

(4) *Wills. Failure to Provide for After-Born Children. Evidence.*

The intention to omit a child whether born or unborn, from the will of its parent, must be established by a plain preponderance of the evidence.

BILL IN EQUITY for construction of will. Certified under G. L. 1923, cap. 339, sec. 35.

STEARNS, J. This is a bill in equity for the construction of the will of William J. Mitchell, late of Lincoln, brought by complainant, his widow, against the respondents, his three minor children. The cause being ready for hearing

for final decree has been certified to this court (G. L. 1923, C. 339, s. 35).

Complainant and William J. Mitchell were married September 3, 1908. By his will, executed May 5, 1910, after providing for the payment of his debts and funeral expenses, the testator devised and bequeathed all of his estate to his wife. The respondents, Helen, Marjorie and Annabel, were born after the execution of the will in the lifetime of the testator, in the order as named: May 18, 1911; March 7, 1913; March 19, 1917. William J. Mitchell died October 6, 1925; his will was admitted to probate October 26, 1925.

Complainant claims that the failure of her husband to mention or to provide in his will for after-born children was intentional and not occasioned by accident or mistake, and that the children consequently are not entitled to any share in their father's estate.

Section 22, C. 298, G. L. 1923, provides that when a testator omits to provide in his will for any of his children or for the issue of a deceased child, they shall take the same share of his estate that they would have been entitled to if he had died intestate, unless it appears that the omission was intentional and not occasioned by accident or mistake.

The first question is, Does Section 22 apply to after-born children with the same effect as to those in being at the time of the execution of the will?

Section 22 became a law February 1, 1896. (G. L. 1896, C. 203, s. 22). Prior to 1896, under the statute then existing, a child born after the execution of his father's or mother's will in the lifetime of the parent, for whom no provision was made in the will, took a share of the parent's estate as if no will had been made; as against him, the will was inoperative, and he took a share of the estate regardless of the will or of the intent of the testator. *Chace* v. *Chace*, 6 R. I. 407. In *Re O'Connor*, 21 R. I. 465, it was decided that as Section 22, the provision now in question, was taken from a like provision in the statute of Massachusetts (now G. L. Mass. 1921, C. 191, s. 20), it was to be presumed the

provision was adopted by our legislature in view of the judicial construction already made of the statute in the courts of the place of its origin. This court following and adopting the construction of the courts of Massachusetts has decided in numerous causes, many of which are not reported, that an intentional omission under the statute can be proved by parol evidence. *Jenks* v. *Jenks*, 27 R. I. 40; *Horton* v. *Horton*, 46 R. I. 492; *R. I. Hospital Trust Co.* v. *Hail*, 47 R. I. 64.

The intention to omit may appear in the terms of the will or may be established by extrinsic and parol evidence of the testator's intention. The presumption is that the omission was unintentional. Unless otherwise provided by statute, a parent is under no legal obligation to provide by his will for any of his children. No distinction is made in the provision now under consideration between any of the children born in the lifetime of the testator. Section 22 is, we think, applicable to after-born children as well as to those born before the execution of the will. Such has been the long established construction of the Massachusetts statute. *Bancroft* v. *Ives*, 3 Gray 367; *Prentiss* v. *Prentiss*, 11 Allen 47; *Buckley* v. *Gerard*, 123 Mass. 8. A different construction of the statute would result in securing to children not yet in being more protection and a greater right to the paternal property than to children in being. There is no evidence of any intention of the legislature to differentiate the born and the unborn children. The amount of evidence necessary to prove testator's intention naturally varies in different cases, but in all cases the intention to omit a child whether born or unborn must be established by a plain preponderance of the evidence.

The following facts are established by the evidence. Soon after making his will testator told his wife that he had made a will which was very short and that he had left everything to her. Testator and his wife at that time were much disturbed because of a recent miscarriage by Mrs. Mitchell. Husband and wife wanted to have children; testator told

his wife not to worry as they probably would have children later.    After the birth of the three children, the respondents, testator on several occasions discussed his will and its contents and said that he saw no reason to make a new will; that he wanted his wife to have everything as she could thus better take care of the children.    Mrs. Mitchell was much younger than her husband.    Their married life was harmonious and testator had confidence in his wife.    So far as appears the testator's disposition of his property was natural and for the best interests of the children.

The evidence is convincing that the omission of William J. Mitchell to provide in his will for his three children, Helen L. Mitchell, Marjorie. Mitchell and Annabel J. Mitchell, was intentional and not the result of accident or mistake and we so decide.

The complainant may present a form of decree in accordance herewith, for approval by this court, to be ordered entered in the Superior Court.

*Woolley & Blais*, for complainant.

*Harold P. Watjen*, for respondents.