HARVEY H. DWIGHT *vs.* WILLIAM B. DWIGHT.

MARCH 25, 1940.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

BAKER, J. This is a bill in equity brought under the provisions of general laws 1938, chapter 545, § 7, for instructions relative to a will, and was duly certified by the superior court to this court for determination when the cause was ready for hearing for final decree.

The complainant is administrator *c. t. a.* of the will of his father, James S. Dwight. The respondents, who are the widow and another son of the testator, the former being added as a party by stipulation duly filed, in their respective answers admitted the allegations of the bill and joined in the prayer asking for instructions. It appears from the bill that James S. Dwight, a resident of Cranston in this state, died January 10, 1938, leaving a will executed August 3, 1929. His above-mentioned sons were in being on both dates. By the terms of his will the testator left all his property to his wife, but in the event that she should die before he did, then such property was left to the complainant. The other son, William B. Dwight, was not mentioned in the will.

On August 3, 1929, when that instrument was executed, the following statute, being G. L. 1923, chap. 298, sec. 22, was in force: "When a testator omits to provide in his will for any of his children or for the issue of a deceased child, they shall take the same share of his estate that they would have been entitled to if he had died intestate, unless it appears that the omission was intentional and not occasioned by accident or mistake."

The above section, however, was amended by public laws 1931, chap. 1754, § 2 which was approved April 24, 1931 and since that date has continued in effect, now being G. L. 1938, chap. 566, § 22. The pertinent portion thereof reads as follows: "When a testator omits to provide in his will for any child of his born after the execution of his will, either during his lifetime or after his death, or for any issue of a deceased child of his dying after the execution of his will, or for any issue born after the execution of his will of a deceased child of his dying before such execution, such child or issue shall take the same share of the testator's estate as such child or issue would have been entitled to if the testator had died intestate, unless it appears that the omission was intentional and not occasioned by accident or mistake."

It is also alleged in the bill of complaint that if the section in force at the time that the will in question was executed in 1929 is controlling, then further proceedings will have to be taken to ascertain whether the omission of the testator to provide in his will for his son, William B. Dwight, was intentional and not occasioned by accident or mistake. On the other hand, if the section in effect at the time the testator died in 1938 is controlling, then it is clear that the respondent William B. Dwight has no interest in his father's estate, and the taking of such further proceedings would not become necessary.

The parties, therefore, join in asking this court to instruct the complainant in the premises by answering the following questions: "Are the rights of the respondent, William B. Dwight determined by Section 22 of Chapter 298 of the General Laws, 1923 as said section existed at the time of the execution of the will of said James S. Dwight? Are the rights of the respondent, William B. Dwight to be determined by said Section 22 as amended by Chapter 1754 of the Public Laws of Rhode Island, 1931?"

In considering the general subject now before us, courts recognize that a will is, by its nature, ambulatory and becomes operative only upon the death of the testator. However, an examination of the authorities shows that they are in conflict on the effect of a *statute* upon a will when such statute is enacted after the will is executed but before the death of the testator, and remains the law at the time last mentioned. 1 Page on Wills (2d ed.) 40; Thompson on Wills (2d ed.) 42.

As bearing upon the issue herein, the complainant has called to our attention G. L. 1938, chap. 566, § 6, which has been in effect many years and which reads as follows: "Every will shall be construed, with reference to the real estate and personal estate comprised in it, to speak and take effect as if it had been executed immediately before the death of the testator, unless a contrary intention shall expressly appear by the will." In our opinion, however, such section does not apply to and is not determinative of the question we have under consideration. That section was taken verbatim from the English Wills Act of 1837. See *Hayes* v. *Welling,* 38 R. I. 553, at 576. It is generally held that the above statutory provision has a limited application in that it relates only to the determination of the question of what property is disposed of by the will. *Re Karch,* 50 Ont. L. R. 509.

It is impossible to reconcile all the opinions dealing with the effect to be given to an intervening statute, so-called, but it is helpful to note the nature of the particular statute which is in question in each of such opinions, the subject-matter with which it deals, and the manner in which it affects the will. By so doing it will be found that most of the cases fall into different classes, such as those dealing respectively, among other things, with after-acquired property, the capacity of the testator to make the will or the gift in question, revocation of the will by marriage or other-

wise, distribution of the estate according to law, and the validity of the will by reason of the method and form of its execution.

*Langley* v. *Langley,* 18 R. I. 618, a case of the class last mentioned, was cited to us by both parties herein as supporting their respective contentions. It was an action of trespass and ejectment for real estate situated in Rhode Island. A question was raised in the case as to the valid execution of a foreign will which had been duly filed and recorded here. The court held that a statute of this state which became operative after the will was executed, but before the death of the testator, should be given effect, such statute having altered the number of witnesses necessary for the valid attestation of a will in this state from the number previously required. The court treated the statute as dealing merely with a rule of proof or evidence, and for that reason considered it controlling. However, the court stated, at page 621, that: "A definite line is evident between cases which touch the act of the testator and those which touch only the policy or demands of the law."

In our opinion, the *Langley* case is not in point and is not determinative of the question now before us, for the reason that the intervening statute in that case and the statute with which we are concerned differ in character. The court treated the former as relating only to probatory matters, whereas the latter deals with substantive law, particularly in regard to the inheritance of property, under certain conditions.

In this connection it has also been argued to us by the complainant that G. L. 1938, chap. 566, § 22, deals only with a method of proof and thus, being evidentiary in nature, and generally similar to the statute involved in *Langley* v. *Langley, supra,* as construed therein, should be held to apply in the instant cause to the will before us, as being

the law in force at the time such will became operative. In our opinion this contention is not sound. It is true that this court, in discussing G. L. 1923, chap. 298, sec. 22, the previous statute, has repeatedly stated that by force of that statute the omission referred to therein is presumed to be unintentional and occasioned by accident or mistake, with the result that the omitted child or grandchild takes in the absence of evidence showing a contrary intent. *Rhode Island Hospital Trust Co.* v. *Hail*, 47 R. I. 64. However, this does not amount to a holding that such statute merely establishes a rule of evidence. It is clear that the statute goes further and provides for the inheritance, under certain conditions, of property by specific persons, unless the testator's actual intent to the contrary is proved.

A consideration of the statutes involved in the instant cause, and of the facts and circumstances, appearing from the record herein, shows that a rather narrow issue is presented for determination. Such statutes deal only with the rights of certain specific classes of persons for whom the testator has omitted to provide in his will. Cases arising under statutes which affect, in other and different respects, the wills being considered, and which fall into the classes hereinbefore referred to while helpful, are not controlling in the present cause. Further, it is clear that a determination of the issue now before us does not, strictly speaking, involve a construction of the testator's will or an ascertainment of his intent as expressed in that instrument.

There do not appear to be many decided cases involving the precise point now under consideration. Three have been brought to our attention, and they all hold that the rights of the specified classes of persons, for whom the testator has omitted to provide in his will, are governed by the statute, if any, in force at the time of the testator's death, when his will becomes operative, and not by the statute in effect at the time the will was executed.

In *Adams* v. *Wilbur,* 2 Sumner's Rep. 266, a case in the circuit court of the United States for the first circuit, and in which the opinion was written by Mr. Justice Story of the United States supreme court, the title to lands situated in this state was involved. At the time the will in that case was executed there was in force a statute of this state resembling G. L. 1923, chap. 298, sec. 22, but that statute had been repealed at the time the testator died. The court held that, as no such statute was in effect at the time the will became operative, a child of the testator omitted from the will took nothing. At page 272 the court said: "The real question, therefore, between the parties, is, whether the intermediate repeal defeated the title, which the son would otherwise have taken. Our opinion is, that it did . . . . The will was ambulatory during the life of the testator; and no title could accrue to the son until the death of the testator . . . . To give the son then any title in the estate, two things must have concurred; first, that he should have survived the testator; and, secondly, that at the time of the death of the latter, there should have been some law in force, which should confer a title on him. He is to take, not by the bounty of the testator, but by the operation of law. Now, at the time when, if ever, this title was to accrue, there was no act in force, which conferred any such title upon him. It had been repealed; and the repeal put an end to the possibility of his acquiring any title under it."

The same result was reached in *Lorieux* v. *Keller,* 5 Ia. 196, a case very similar in its facts to *Adams* v. *Wilbur, supra.* In *Re Karch, supra,* an intervening and amendatory statute, which enlarged the class of omitted persons entitled to take, was given effect. In that case the court, in rendering its decision, relied to some extent on a statutory provision which required that all amendments to the law be regarded as remedial.

We are of the opinion that the reasoning of the court in *Adams* v. *Wilbur, supra,* is sound and is determinative of the questions submitted in the instant cause. It is clear that the respondent William B. Dwight, if he is entitled to any part of his father's estate, takes by operation of law under the statute, and not under his father's will. Any right which might thus accrue to William B. Dwight would only do so upon the death of the testator, and not before that time. Thus the statute in force when the testator died would determine whether the son William B. Dwight would then receive any interest, and if so, what interest.

We therefore answer the first question propounded in the bill of complaint in the negative, and the second question in the affirmative, and instruct the parties accordingly.

On April 3, 1940, the parties may present a form of decree in accordance with this opinion.

*Hinckley, Allen, Tillinghast & Wheeler, S. Everett Wilkins, Jr.,* for complainant.

*Max Winograd,* for respondent.