HERBERT HANNAH *et al vs.* WILLIAM HANNAH.

JUNE 12, 1944.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

BAKER, J. This is a bill in equity for the construction of a will. When the cause was ready for hearing for final decree in the superior court it was certified, under the provisions of general laws 1938, chapter 545, §7, to this court for determination.

It appears from the bill of complaint and from evidence taken in the superior court that Amelia K. Hannah, of the city of Cranston, hereinafter referred to as the testatrix, died July 24, 1937 and her will, which was executed January 31, 1923, was thereafter duly admitted to probate by the probate court of that city. Her husband had died many years before. They had, however, three children, a daughter who died in infancy and two sons. The elder son Herbert Hannah and his wife are the complainants herein. The other son William Hannah, who has not been heard from since 1913, at which time he was about eighteen years of age, is named as a respondent, and any child or children of his and any person or persons claiming by, through, or under him, if any there be, are also made parties respondent.

An order of notice by publication to these respondents, which order was duly complied with, was entered in the superior court. No respondent, however, entered any appearance or answered the bill of complaint in any way, and eventually a decree pro confesso was taken against them in the superior court. Also a guardian ad litem for all possible minor respondents and for such persons as might claim rights by, through, or under the said William Hannah, was appointed by that court. The guardian filed an answer sub-

mitting the rights of those represented by him to the protection of the court.

The will of the testatrix is simple. After directing that her just debts be paid she left all the rest, residue and remainder of her estate to her son Herbert and appointed him executor. Her son William was not mentioned in the will. The testatrix's estate consisted of a parcel of land with improvements thereon in the city of Cranston. After his mother's death the complainant Herbert Hannah entered into undisputed possession of said parcel. Apparently, however, his title thereto is now questioned because of the fact that the testatrix made no reference in her will to her son William. The complainants have submitted to the court the following questions: "First. Did the Testatrix at the time she executed said will believe her son, William Hannah, was dead? Second. Did the Testatrix, when she executed said will, intend to omit devising or bequeathing any part of her estate to her said son, William Hannah?"

In construing the present will we should first determine which one of two possible statutes properly bears upon the will and the rights of the interested parties thereunder. In our judgment the case of *Dwight* v. *Dwight,* 64 R. I. 294, is controlling on this point. There the effect of the same statutes which we now have before us, that is to say, G. L. 1923, chap. 298, sec. 22, and P. L. 1931, chap. 1754, sec. 2, now G. L. 1938, chap. 566, §22, was discussed and determined.

In that case we held, in substance, that such statutes provide for the inheritance, under certain conditions, of property by specified persons, unless testator's actual intent to the contrary is proved, and that the rights of a testator's son, for whom the testator had omitted to provide in his will, were governed not by the statute in effect at the time of the execution of the will, but by the statute in force at the time of the testator's death, the son taking, if at all, by operation of law under such statute and not under his father's will.

In the case at bar it appears that although the will in question was executed January 31, 1923, the testatrix did not die until July 24, 1937, at which time her will became operative. On the last-mentioned date P. L. 1931, chap. 1754, sec. 2, which had amended G. L. 1923, chap. 298, sec. 22, was in effect. Under the holding in the *Dwight* case, the 1931 statute is the one which, under all the circumstances appearing herein, would apply to the testatrix's will, having been the one in force at the time of her death.

However, in addition to whatever effect the application of the terms of that statute may have upon the issues raised in this cause, we have carefully considered the evidence presented in order to ascertain the testatrix's intent and purpose in respect to the disposition of her property and then, in construing her will, to give effect to that intent.

It is not necessary to discuss the evidence in detail. It shows that the testatrix last heard from her son William by a letter from Tompkinsville, Staten Island, New York, dated May 11, 1913. Shortly before that date Herbert also received a picture post card from him. However, no one in the family has heard from him since. At that time he was a mess boy or steward in the United States Lighthouse Service. Thereafter the testatrix tried to communicate with him by letter but learned that he had left the lighthouse service. For several years she then attempted, by correspondence with various persons, to locate him, but without success.

The above-mentioned letter and post card from William are exhibits in the case. They are cheerful and show affection for his mother and brother; they contained inquiries about personal family matters; they refer to the sending of money to his mother; and there is nothing whatever in their contents to indicate that the writer intended to cut himself off from his family. There is apparently every indication that, if he continued to live, he would have communicated with his family at reasonable intervals.

Further, there is evidence in the record that the testatrix, at about the time she executed her will, stated that she felt

that William was dead and that she wanted Herbert to have her property, as he had remained at home and had cared for her. There is also other evidence which would tend to give support to and furnish a basis for these alleged statements of the testatrix. There is no evidence to indicate that William ever married.

Upon consideration, therefore, all of the evidence and the reasonable inferences to be drawn therefrom, we find that, at the time the testatrix executed her will and at all times thereafter, she believed that her son William was dead; that she intended to omit devising or bequeathing any part of her estate to him; and that such omission was not occasioned by accident or mistake. We further find that it was clearly her intention to leave all her estate to her son Herbert alone, and to no one else, as she has satisfied herself that William had disappeared and was no longer living.

On June 16, 1944, the parties may present to this court for approval a form of decree, in accordance with this opinion, to be entered in the superior court.

*Grim & Littlefield, Benjamin W. Grim,* for complainants.
*C. Leslie Cordery,* Guardian *Ad Litem.*