**ILLINOIS STATE TRUST CO.**
**v. CONATY et al.**
**Civ. No. 1042.**

United States District Court,
D. Rhode Island.
April 9, 1952.

Ralph P. Semonoff, Providence, R. I., and Zeno Middleton, East St. Louis, Ill., for plaintiff.

Arthur L. Conaty, Providence, R. I., for defendants.

LEAHY, District Judge.

This is an action brought by the guardian of a minor child for the purpose of determining by declaratory judgment the property rights of such child in the estate of its maternal grandfather, no provision for such child having been made by the grandfather in his will. The defendants are two sons and two daughters of the testator and the scrivener of the will.

The defendants assert that this Court is without jurisdiction to pass upon the issues presented in this case. It is true that a federal court has no jurisdiction to probate a will or administer an estate. It is settled, however, that federal courts do have jurisdiction to entertain suits in favor of heirs and other claimants against a decedent's estate, so long as the federal court does not interfere with the probate proceedings or assume general jurisdiction of the administration or control of the property in the custody of a state court. Markham v. Allen, 326 U.S. 490, 66 S.Ct. 296, 90 L.Ed. 256; Waterman v. Canal-Louisiana Bank Co., 215 U.S. 33, 30 S.Ct. 10, 54 L.Ed. 88; Lorings v. Marsh, 73 Wall. 337, 73 U.S. 337, 18 L.Ed. 802; Dickson v. Alexandria Hospital, 4 Cir., 177 F.2d 876. In each case the jurisdictional question can be decided by determining whether the action could be maintained in a state court of general jurisdiction in the state where the federal court sits. Ferguson v. Patterson, 10 Cir., 191 F.2d 584. Under the General Laws of Rhode Island, Chap. 545, § 7,[1] proceedings of this nature are authorized, and they are not unusual in the courts of equity in this state. Dwight v. Dwight, 64 R.I. 294, 12 A.2d 227, 129 A.L.R. 855; Hannah v. Hannah, 70 R.I. 175, 37 A.2d 783; Jenks v. Jenks, 27 R.I. 40, 60 A. 676. This being so and the requisites of diversity of citizenship and jurisdictional amount being present, this Court also has jurisdiction.

There is no real conflict in the testimony as to the material facts of this case. The decedent testator, a resident of Providence, Rhode Island, executed a will on July 23,

---

1. "§ 7. The superior court shall certify to the supreme court for its determination all bills in equity for the construction of any will * * * or for instructions relative to any will * * *."

1946, by which he left his estate to his two sons and a daughter, who with another daughter and the scrivener of the will are the defendants in this action. The testator died on July 11, 1948. A daughter, who died prior to the execution of the will, left surviving the testator a son born out of wedlock. The will contained no provision for this grandchild. The will was probated in the Probate Court of the City of Providence, and there was no appeal therefrom. The value of the estate is approximately $18,000, the greater part of which consists of real estate. The plaintiff is the legal guardian of this child, who was born in East St. Louis, Illinois, and it is apparent that the mother left Providence and went to East St. Louis for this event in order to conceal her difficulties from her family and acquaintances.

The Rhode Island descent and distribution statute relative to illegitimate children, Rhode Island General Laws of 1938, Chap. 567, Sec. 7, provides as follows:

"§ 7. A child born out of wedlock shall be capable of inheriting or transmitting inheritance on the part of his mother in like manner as if born in lawful wedlock. * * *"

█ Under this statute if the testator had died intestate the grandchild would take the same share that his mother would have taken had she survived the testator. Briggs v. Greene, 10 R.I. 495. The plaintiff contends that this being so, the child's rights are governed by Chap. 298, Sec. 22, of the Rhode Island General Laws of 1923, and that therefore the child is entitled to "one-fourth" of the estate of this testator notwithstanding the will. This section provides as follows:

"Sec. 22. When a testator omits to provide in his will for any of his children or for the issue of a deceased child, they shall take the same share of his estate that they would have been entitled to if he had died intestate, unless it appears that the omission was intentional and not occasioned by accident or mistake."

It is well settled that this section applied to children and the issue of deceased children whether born before or after the death of a testator. Mitchell v. Mitchell, 48 R.I. 1, 135 A. 35; Rhode Island Hospital Trust Co. v. Hail, 47 R.I. 64, 129 A. 832. This section was amended by Chap. 1754, Sec. 2, of the Rhode Island Public Laws of 1931, which provides as follows:

"Sec. 2. Section 22 of said chapter (Chap. 298) is hereby amended so as to read as follows:

"'Sec. 22. When a testator omits to provide in his will for any child of his born after the execution of his will, either during his lifetime or after his death, or for any issue of a deceased child of his dying after the execution of his will, or for any issue born after the execution of his will of a deceased child of his dying before such execution, such child or issue shall take the same share of the testator's estate as such child or issue would have been entitled to if the testator had died intestate, unless it appears that the omission was intentional and not occasioned by accident or mistake. * * *'"

The provisions of this amendment were re-enacted without change by the 1938 revision of the Rhode Island statutes and appear in the General Laws of Rhode Island in effect at the time of the death of the testator as Chap. 566, § 22. The plaintiff contends that this Act of 1931 did not repeal the 1923 statute but that it merely supplemented it. This Act does not specifically state that the 1923 statute is repealed. However, by its own terms it indicates that it is a complete substitute for the 1923 provision. It provides that Sec. 22 as it appears in the 1923 statutes "is hereby amended so as to read as follows: * * *." The new provisions of this section are then set forth. This does not supplement the former statute; it replaces it. It was a new and complete restatement of the statutory provisions in Rhode Island relative to pretermitted heirs. It is apparent that it repealed Sec. 22 of Chap. 298 of the General Laws of 1923. Dwight v. Dwight, supra; Hannah v. Hannah, supra. Furthermore,

the 1923 statute was repealed by the General Laws of 1938, as appears in § 11 of Chap. 658 thereof. This section is as follows:

"§ 11. The act entitled 'An act containing the general laws of the state,' passed at the January session of the general assembly, 1923, containing titles numbered from 1 to 44, both inclusive, and chapters numbered from 1 to 420, both inclusive, is hereby repealed, subject to the provisions contained in the preceding sections of this chapter."

The 1931 Act was also repealed by the General Laws of 1938 by Chap. 658, § 12, thereof, which is as follows:

"§ 12. All the statutes hereinafter mentioned, described and entitled, and passed since the publication of the general laws, of 1923, are hereby repealed, subject to the provisions contained in the preceding sections of this chapter, that is to say: * * * 1931 * * * Chapter 1754 * * *."

Furthermore, because of the provision of § 18 of Chap. 309 of the General Laws of 1938, these repealing statutes do not revive any former statute which had been repealed. This section is as follows:

"§ 18. The repeal of any statute shall not be construed to revive any other statute which has been repealed."

■ In view of these provisions of the General Laws of 1938 it is clear that such statutory rights as plaintiff has as a pretermitted heir must be found in Chapter 566, Sec. 22 of the General Laws of 1938.

■ This child was living at the time of the execution of the will, and his mother having died prior to the execution, he can take nothing by inheritance under this statute.

■ In the complaint and in the plaintiff's several briefs it is contended that the 1931 Act was invalid in that it was in violation of the provisions of the United States Constitution. The claim appears to be that under this Act the plaintiff is deprived of property without due process of law and that it is "denied the equal protection of all the laws of the State of Rhode Island." In view of the fact that this Act was re-

pealed prior to the testator's death, I have considered the constitutional issue as being related to the 1938 statute. The plaintiff's ward, however, is not affected by the 1938 statute. It does not apply to him and he has no interest in its enforcement. If it were struck down as being unconstitutional he would gain nothing, because there would then be no statute upon which he could rely, the 1923 statute having been repealed. Under these circumstances, therefore, the plaintiff has no right in this Court to contest the constitutionality of these statutes, and consequently the Court is not required to pass upon this issue. See Board of Trade of City of Chicago v. Olsen, 262 U. S. 1, 43 S.Ct. 470, 67 L.Ed. 839; State ex rel. Potter v. Snow, 3 R.I. 64.

The plaintiff contends further that the testator's grandchild, not qualifying under any Rhode Island statutory provision for pretermitted heirs, can nevertheless inherit on the ground of mistake, or on the ground that the testator lacked testamentary capacity, not in the sense that he lacked mental capacity, but in that he did not know of the existence of the grandchild.

■ There is no conclusive evidence that the testator ever knew or that he did not know of the existence of this grandchild. It appears that some of the defendants assumed that the testator did not know of him. But even if he were ignorant of the fact, it was not such a mistake as can be corrected under the law and facts in this case. Unless provided otherwise by statute, the validity of a will is not affected by a mistake unless fraud or undue influence was perpetrated upon the testator or the mistake involves a want of testamentary intent. 57 Am.Jur. Wills, § 375; Gifford v. Dyer, 2 R.I. 99; In re Gluckman's Will, 87 N.J.Eq. 638, 101 A. 295, L.R.A.1918D, 742. Mere failure of the testator to mention this grandchild in his will is not sufficient to permit the grandchild to inherit. Dwight v. Dwight, supra; Adams v. Wilbur, C.C.R.I., Fed.Cas.No. 70, 2 Summ. 266. A court cannot read something into a will unless authorized to do so by statute. See Jones v. Bennett, 78 N.H. 224, 99 A. 18. Neither may a court speculate as to how a testator might have transmitted his

property if the existence of heirs unknown to him had been brought to his attention. What a testator would have done under such circumstances requires satisfactory proof. Gifford v. Dyer, supra. No such proof appears in this case.

■ The plaintiff argues in its brief that the defendants or some of them have committed fraud in respect to the testator and this child by their failure to inform the testator of the child's existence. The plaintiff argues further that there was collusion and a conspiracy among the defendants in concealing this fact from the testator. The allegations in the complaint, however, are very vague and indefinite in this regard and there is no specific allegation of fraud, collusion, or conspiracy therein. In any event the facts in this case do not warrant a finding of fraud, either actual or constructive. Under some circumstances constructive fraud may be committed by a failure to disclose a material fact, but there is no such fraud unless there is a legal duty to disclose the facts concealed. Benoit v. Perkins, 79 N.H. 11, 104 A. 254. I am not convinced under the facts here that any of the defendants had any such duty. There is no evidence that any of the defendants knew until after the will was executed that a son had been born to the testator's deceased daughter. Nor is there any evidence that any of the defendants, other than the scrivener, knew prior to the testator's death that he had executed a will. They were not consulted by the testator in regard to the disposition of his estate. Clearly, their failure to speak cannot be deemed fraudulent in relation to the execution of a document of which they had no knowledge.

■ The scrivener of the will, an attorney at law, who is one of the defendants in this action, is also innocent of any fraud. Upon the execution of the will his employment by the testator terminated. It appears that he did not learn of the child's existence until later. The plaintiff has not convinced the Court that the scrivener had a duty to disclose to the testator this after-acquired knowledge.

There is no evidence that the purpose of any of the defendants at any time was to gain an advantage for themselves or to influence the testator in respect to the disposition of his estate. I am convinced that their silence was prompted solely by a desire to protect the testator from the mental anguish which they thought would result upon his being informed of the misdeeds of his deceased daughter. Certainly no evil intent on the part of the defendants has been shown.

Upon consideration of all the evidence in this case I am convinced that the facts do not support the plaintiff's claim of fraud in respect to the defendants or any of them sufficiently to justify the Court in granting to the plaintiff the relief which it seeks. See Benoit v. Perkins, supra; Wood v. Amory, 105 N.Y. 278, 11 N.E. 636.

The plaintiff's prayer for a declaratory judgment is denied. Judgment may be entered for the defendants.