**GRAVES, Admrx., Plaintiff, v. GRAVES et, Defendants.**

Probate Court, Muskingum County.

No. 4411.  Decided December 15, 1956.

Pugh. Knapp & Miller, By Philip J. Miller, Zanesville, for plaintiff.
R. William Geyer, Zanesville, for defendant, William B. Palmer.

## OPINION

By GARY, J.

This action is brought for the construction of certain provisions in the will of Elizabeth Palmer, deceased, especially the bequest made in Item 3 of her will, which reads as follows:

"Item 3.  My brother, Howard Palmer, and I own a dwelling at No. 1312 Jackson Street, Zanesville, Ohio, and I give and devise my one-half interest therein to my brother, Howard Palmer, his heirs and assigns, forever."

The residuary clause of the will is as follows:

"Item 6. The real estate which I own; situate at No. 102 South Seventh Street and at Nos. 718 and 720 South Street, Zanesville, Ohio, together with all the rest, residue and remainder of my personal property, wheresoever situate, which I may own or have the right to dispose of at the time of my decease, I give, devise and bequeath to my brother, Edward J. Palmer, for and during his natural life, and upon his death, or in the event he be not living at the time of my decease, then I give, devise and bequeath all the property as in this item described, to my brother, Howard Palmer, for and during the term of his natural lifetime. After the death of both of my said brothers, Edward J. Palmer and Howard Palmer, I direct that the Probate Court of Muskingum County, Ohio, appoint some suitable person or institution to complete the administration of my estate, and I further direct that my said administrator de bonis non with the will annexed, so appointed by said court, be and he or it is authorized to convert all of my remaining estate into cash, and after the payment of costs of administering my estate, including taxes and other charges incidental thereto, I direct my administrator to make distribution thereof as follows:

"The one full one-tenth (1/10th) part of said net cash I direct shall be distributed in equal shares to the Boys' Town of Nebraska, the Coburn Methodist Church of Zanesville, Ohio, and the Zanesville Branch of the Salvation Army; and the remaining nine-tenths (9/10ths) of my net estate, I direct my administrator to distribute, share and share alike, to my nephews and nieces as follows:

Hazel Graves, niece, Columbus, Ohio
John J. Palmer, Nephew, Middletown, Ohio
Alice Palmer, niece, Zanesville, Ohio
Lora Alexander, Niece, Johnson City, Tennessee
Joseph A. Palmer, Nephew, Cleveland, Ohio
Russell Palmer, Nephew, Bloomington, Illinois,
Clarence Palmer, nephew, Columbus, Ohio
Delbert Palmer, nephew, South Zanesville, Ohio

and in the event of the death of any of my nephews and nieces leaving issue, then such issue to take the share of their deceased parent."

Plaintiff has propounded the following questions in connection with the construction of these Items of the will:

"FIRST: Under Item 3 of said will, does:

"(a) The bequest of said real estate therein made lapse by reason of the fact that the said Howard W. Palmer predeceased the testatrix?

"(b) Do the provisions of §2107.52 R. C., the so-called Anti-lapse statute apply to this case?

"(c) If (b) above is answered in the affirmative and the bequest does not lapse, what interest is devised under this Item 3, viz., an undivided one-half interest mentioned therein, or the entire fee simple estate in said real estate which the said Elizabeth Palmer owned at the time of her death, she having inherited the undivided one-half theretofore owned by her said brother Howard W. Palmer by his said will?

"(d) If (b) above is answered in the negative and (a) above is·

answered to the effect that the bequest did lapse, did the decedent die intestate as to the real estate located at 1312 Jackson Street, Zanesville, Ohio, in view of the fact that there is no general residue clause in said will and Item 6 thereof refers only to the real estate located at 102 South Seventh Street, and 718 and 720 South Street, Zanesville, Ohio, and the 'rest and residue and remainder of **my personal property**'?

"SECOND: Does the fact that William Burdette Palmer was a legally adopted son of the said Delbert Palmer, rather than a natural son, in any way affect his inheritance of the share of his father, Delbert Palmer, under the terms of the will of Elizabeth Palmer?"

The facts in the case are undisputed, and are as follows:

Elizabeth Palmer died December 9, 1955. Her will, which was executed September 26, 1949, and probated on January 10, 1956, made bequests to her brothers, Charles Palmer, Edward Palmer, and Howard Palmer, all of whom predeceased her, as well as bequests to several nieces and nephews, including Delbert Palmer, a son of Howard Palmer, who also predeceased the testator, leaving his widow, Lillian O. Palmer and a legally adopted son, William Burdette Palmer, both defendants herein, as his survivors. The evidence further shows that the dwelling located at 1312 Jackson St., Zanesville, Ohio, had been bequeathed to the decedent, Elizabeth Palmer, her sister, Mattie Palmer, and her brother Howard Palmer under the will of Nolan Hardman, deceased, and that Mattie Palmer died intestate and her undivided one-third interest was quit-claimed by all her heirs to Elizabeth Palmer and Howard Palmer by deed dated May 18, 1938.

We will consider the questions raised in 1 (a) and (b) together. This involves the application of §2107.52 R. C., the pertinent part of which reads as follows:

"When a devise of real or personal estate is made to a relative of a testator and such relative was dead at the time the will was made, or dies thereafter, leaving issue surviving the testator, such issue shall take the estate devised as the devisee would have if he had survived the testator. . . ."

This question was treated comprehensively by the Supreme Court in the case of **Flynn v. Bredbeck, 147 Oh St 49,** which involves a set of facts very similar to those in the instant case. In that case, the court reached the conclusion that the devise did not lapse whether or not the words "their heirs and assigns forever," were used. The further fact, in the instant case, that two other items of the will made definite provision to apply in the event of the prior death of the named beneficiary, indicates that by the absence of such a provision in Item 3, the testatrix did not intend for this bequest to lapse, but that it should pass to the heirs of Howard Palmer. Question 1 (a) is therefore answered in the negative and 1 (b) in the affirmative.

We come now to the issue raised in 1 (c), which is the principal question to be decided, namely, was the interest devised under Item 3 of the will an undivided one-half interest, or the entire fee simple estate. This problem arises because of the fact that Elizabeth Palmer owned an undivided one-half interest at the time the will was executed

and acquired the other one-half interest before her death. The question of after-acquired property was considered in a well-written opinion by Judge Wiseman in the case of **Fitzgerald v. Bell, 20 O. O. 18,** which cited the various statutes and numerous cases dealing with this matter. Quoting from page 22 of this opinion:

"At common law the rule was that as to lands a will spoke as of the date of its execution, and after acquired real property did not pass; but as to personalty the will spoke as of the date of death, and after acquired personal property passed.

". . . . Sec. 10504-71 GC (§2107.50 R. C.), reversed the presumption with respect to both after-acquired personal and real property, the effect being to declare the common law with respect to after-acquired personal property, and in derogation of the common law with respect to after-acquired real property. Consequently, this section should be liberally construed in favor of those seeking to take advantage of its provisions with respect to after-acquired personal property."

Conversely, of course, the section must be strictly construed with respect to after-acquired real property.

The section in question (§2107.50 R. C.), provides that property shall pass under the will "unless such will manifests a different intention." The point at issue in the case at bar is whether or not the will manifests an intention that the after-acquired half-interests should not pass. Item 3 of the will specifically devises "my one-half interest" in the real estate. If the will had stated "my interest," we are of the opinion that the entire title would have passed, but the fact that the devise is limited to one-half manifests the intention that that is all the testatrix devised. The further fact that Howard Palmer died almost four years before Elizabeth Palmer, and during that time she made no effort to clarify the matter by making a new will, indicates that she was satisfied with the provisions in the will. The court is unable to change the express wording of the will when the testatrix did not see fit to do so during her lifetime. Accordingly, the answer to 1 (c) is that an undivided one-half interest in the real estate at 1312 Jackson St. is devised by Item 3 of the will.

There remains the matter of disposition of the undivided one-half interest of said property which was acquired after the execution of the will. The contention has been made that the residuary clause disposes only of the three parcels of real estate mentioned therein, and the rest, residue and remainder of the personal property. This is true as to the bequest to Edward J. Palmer and Howard Palmer. However, this clause further directs that after the death of these brothers, the administrator de bonis non with the will annexed is **authorized to convert all my remaining estate into cash** and make distribution as directed. Since there is a presumption that testatrix did not intend to die intestate as to any of her estate, this clause must be construed to include all her remaining estate. real as well as personal, and the undivided one-half interest in the Jackson Street property would be included therein.

Finally, there is the point raised in the second question, namely, whether the fact that William Burdette Palmer is an adopted child of

Delbert Palmer in any way affects his inheritance. This question is governed by §3107.13 R. C., which provides that an adopted child may inherit through as well as from the adoptive parent. The case of Flynn v. Bredbeck, supra, interpreting an earlier but similar statute, held that an adopted child is regarded as "issue"·for the· purpose of inheritance. We therefore hold that William Burdette Palmer is entitled to inherit in the same manner as if he were the natural son of Delbert Palmer.