In the ESTATE OF Elaine K. BUCKLEY, Deceased.

Ruth Ann KROENKE, Appellant,

v.

Gary SCHNACKENBERG and Janice Schnackenberg, Respondents.

No. WD 35314.

Missouri Court of Appeals, Western District.

Sept. 25, 1984.

James T. Buckley, Max E. Mitchell, Brown & Buckley, Sedalia, for appellant.

Kenneth K. Vuylsteke, Foehner & Vuylsteke, St. Louis, for respondents.

Before TURNAGE, C.J., and SOMERVILLE and MANFORD, JJ.

TURNAGE, Chief Judge.

Metcalf State Bank, the personal representative of the Estate of Elaine K. Buckley, brought an action to construe her will. The probate court found in favor of Gary and Janice Schnackenberg, and Ruth Ann Kroenke appealed this judgment. The question on appeal is whether real estate Elaine acquired after she executed her will should pass under a specific devise or under the residuary clause. The probate court held that it passed under the specific devise. Reversed and remanded.

Elaine K. Buckley, a Kansas resident, executed her will on May 13, 1981. She included the following specific devise in her will:

(3) All of my one-half interest in a one hundred sixty (160) acre farm located in Benton County, Missouri, to GARY and JANICE SCHNACKENBERG, husband and wife of Cole Camp, Missouri.

The residuary clause of her will provided:

(4) All the rest and residue of my estate, both real and personal and mixed to RUTH ANN KROENKE, my cousin of Overland Park, Kansas.

These paragraphs were to take effect only if Elaine's husband, James, predeceased her. James died on June 5, 1982, and Elaine died on July 20, 1982. Because Elaine owned real estate located in Benton

County, Missouri, administration proceedings were opened in Benton County.

The parties stipulated to material facts. At the time Elaine executed her will, she was the sole owner of the undivided one-half interest in the one hundred sixty acre farm devised to Gary and Janice Schnackenberg. Shortly over two months after she executed her will, Elaine and James purchased the remaining undivided one-half interest in the one hundred sixty acre farm. Thereafter, Elaine and James placed title to the farm in their names as tenants by the entirety. Upon Elaine's death, the Schnackenbergs received a one-half interest in the one hundred sixty acre farm, and the remaining one-half interest either passed to the Schnackenbergs by the specific devise or to Ruth Ann Kroenke under the residuary clause.

■ The parties agree that Kansas law governs the construction of Elaine's will. The primary purpose in construing a will is to ascertain the testator's intent, and this is governed by the law of the testator's domicile when the will was executed whether it disposes of personalty or realty. *Estate of Pettit v. Levine*, 657 S.W.2d 636, 643[12] (Mo.App.1983).

■ Both parties discuss K.S.A. 59–613, which provides that all property acquired by the testator after making his or her will shall pass in like manner as if possessed by him or her at the time the will was made, unless a different intention appears from the will. This section does not determine the question presented because it was designed primarily to prevent a testator from dying intestate as to any property. In *Dwight v. Dwight*, 64 R.I. 294, 12 A.2d 227, 228[2] (1940), the court held a similar statute to have "a limited application in that it relates only to the determination of the question of what property is disposed of by the will."

The closest case on the facts which has been found or cited is *Graves v. Graves*, 79 Ohio L.Abs. 262, 155 N.E.2d 540 (Prob. 1956). In *Graves*, the decedent's will devised "my one-half interest" in described real estate to a brother. 155 N.E.2d at 543[2]. A residuary clause disposed of the remaining property. The statute in effect in Ohio was similar to K.S.A. 59–613. In *Graves*, the court looked to the intent of the testatrix and held that since the specific devise was "my one-half interest" in real estate, only the one-half interest passed under the specific devise and the after-acquired one-half interest passed under the residuary clause. *Id.* The court noted that the testatrix lived for almost four years after acquiring the other one-half interest and made no effort to clarify the matter. The court held that this indicated she was satisfied with the provisions in the will. *Id.* The court stated that it was unable to change the express wording of the will, which specifically devised only a one-half interest, when the testatrix had not changed her will during her lifetime. *Id.*

In *Nashville Trust Co. v. Grimes*, 179 Tenn. 567, 167 S.W.2d 994 (1943), the specific devise was of "my property on the Dickerson Road." 167 S.W.2d at 995. A residuary clause disposed of all remaining property. At the time he executed his will, the testator owned certain real estate on Dickerson Road, but subsequently acquired additional real estate on that road. The statute in effect in Tennessee was similar to K.S.A. 59–613. The court looked to the intent of the testator as indicated by the language of the will, viewed in the light of surrounding circumstances. The court held that the will as a whole and the circumstances surrounding its making revealed that the testator's intent was that the specific devise disposed of only the real estate on Dickerson Road the testator owned at the time he executed his will. *Id.* at 998.

■ Applying the principles announced in *Graves* and *Nashville Trust Co.*, this court concludes that Elaine's will clearly showed her intent to devise a one-half interest in the one hundred sixty acre farm to Gary and Janice Schnackenberg. To hold that Elaine's will manifested an intent to devise a greater interest to them would be to rewrite her will.

The Schnackenbergs contend that the specific devise to them should be read as "all of my interest" in the farm and the

"one-half" designation should be ignored. They rely on out-of-state cases in which wills used the terminology "all of my beneficial interest" and other similar language, which the courts have construed to pass all of the interest the testator owned. No fault is found with those cases but they did not involve language similar to this case and they did not ignore a specific interest designated in the will. To adopt the Schnackenbergs' argument would amount to rewriting the will because it would eliminate the one-half interest clearly stated in the specific devise.

The will devises to the Schnackenbergs the one-half interest which Elaine owned in the one hundred sixty acre farm at the time she executed her will, and thereby manifested an intent that the Schnackenbergs receive only a one-half interest in such real estate. The after-acquired one-half interest passes to Ruth Ann Kroenke under the residuary clause.

The judgment is reversed and this cause is remanded with directions to enter judgment that the Schnackenbergs take a one-half interest in the one hundred sixty acre farm under the specific devise and Ruth Ann Kroenke takes the other one-half interest under the residuary clause.

All concur.