(No. 18332.—

LENA HIGGINS McCORMICK, Appellant, *vs.* LOIS McCOR-
MICK HALL, *et al.* Appellees.

*Opinion filed October 19, 1929—Leave to file petition for rehearing denied December 20, 1929.*

GUY R. JONES, and CRAIG & CRAIG, for appellant.

GREEN & PALMER, and JOHN H. CHADWICK, (HENRY I. GREEN, GEORGE E. MARTIN, and ORIS BARTH, of counsel,) for appellees.

Mr. JUSTICE DIETZ delivered the opinion of the court:

A bill in equity was filed by the appellant, Lena Higgins McCormick, in the circuit court of Douglas county on June 29, 1926, to obtain a construction of the will of Worth McCormick, her deceased husband. The eighth paragraph of his will is as follows: "It is further my will that the devises and bequests made as above in this my last will and testament, to my said sons and daughters, are made subject to the legal rights of my wife, Lena Higgins McCormick, to her said dower, homestead and award under the laws of the State of Illinois. Therefore, I devise, bequeath and give to my said wife, Lena Higgins McCormick, that portion of my real estate and personal estate allowed to her under the laws of the State of Illinois, the same as would be allowed to her provided I had departed this life intestate." By preceding paragraphs of the will the testator gave all of his real and personal estate to his four children, subject

to certain conditions not material to this controversy. The testator died April 27, 1925, seized of three tracts of real estate, one of which was the homestead of the appellant. He left surviving the appellant as his widow and his four children named in the will as his only heirs-at-law. These four children were made defendants to the bill and are the appellees here. The will was made May 1, 1923, and admitted to probate on May 1, 1925. It is stipulated that the appellant did not file an instrument in writing making an election either to take or to waive dower within one year after the death of the testator. The appellant maintains that the interest devised to her is determined by the laws in force at the time of the testator's death and that she is entitled to a one-third interest in fee in the real estate of which he died seized. It is contended by the appellees that the widow takes under the will the amount of property which she would have taken had her husband died intestate as defined in the eighth clause of the will of the testator, namely, dower, homestead and widow's award, and that the gift in the will was in lieu of dower and was something different in character though not in amount. The decree of the circuit court so construed the will, and from that decree the appellant has prosecuted an appeal to this court.

The Statute of Descent in force at the time the will was made provided that where there was a widow and surviving children the widow should receive one-third of the personal estate of the intestate. (Smith's Stat. 1921, chap. 39, sec. 1.) Under the Dower act then in force the widow of an intestate was also entitled to a one-third interest for life in the real estate of which he died seized. (Smith's Stat. 1921, chap. 41, sec. 1.) By the Statute of Descent in force at the time of the death of the testator the widow in such case is entitled to one-third of the personal estate of the intestate and to a one-third interest in fee in the real estate of which he died seized and in which she has waived her

right of dower. Such waiver may be effected by either of two methods. One of these methods is by filing and recording, within one year after the death of the intestate, an instrument expressing her intention to waive dower. The other method is by failing to file within that time an election to take dower. Such election to take dower can be made only by an instrument in writing signed by the widow which shall state in substance that she elects to take dower instead of a one-third interest in fee. (Smith's Stat. 1923, chap. 39, sec. 1.) The Dower act in force at the time of the death of the testator was the same as that in force at the time the will was made.

In the paragraphs preceding the eighth paragraph of the will the entire estate of the testator is devised to his children. In interpreting wills the law authorizes the determination of the intention of the testator from a consideration of all the language used. The rule is well settled that where two portions of a will are so repugnant to each other that they cannot be reconciled; the latter portion will control as being the later expression of the testator. (*Liesman* v. *Liesman,* 331 Ill. 287; *Peacock* v. *McCluskey,* 296 id. 87; *Drager* v. *McIntosh,* 316 id. 460.) Applying this rule, the effect of the provisions made for the appellant in the eighth paragraph of the will is to subject to her rights thereunder the interest of the children given by the preceding paragraphs. In other words, their interest is subject to her right to receive that to which she would have been entitled had her husband died intestate.

A will, in legal contemplation, takes effect at the time of the death of the testator and is to be considered as if it bore date as of that time. (*Dickinson* v. *Belden,* 268 Ill. 105; *Downing* v. *Grigsby,* 251 id. 568; *Thompson* v. *Thompson Carnation Co.* 279 id. 54.) Where a husband dies intestate, the interest of the widow in his estate is necessarily fixed by the laws in force at the time of his death.

Changes effected by the legislature in statutory rules of descent operate instantly upon all estates which may subsequently descend. (*Steinhagen* v. *Trull,* 320 Ill. 382; *Wunderle* v. *Wunderle,* 144 id. 40.) The rule as laid down in Jarman on Wills (6th ed. p. 332) is: "If, after the execution of a will, an alteration is made in the law which produces an alteration in the effect of the will and the testator leaves the will unaltered, he will be presumed to intend that it shall take effect according to the altered law." In this case the Statute of Descent in force at the time of the testator's death became effective on July 1, 1923, and he did not die until nearly two years later. In the meantime he was afforded ample opportunity to change his will. He did not do so, and it will be presumed that he intended the appellant to take according to the Statute of Descent as later amended. He did not say, "I give to my wife whatever she would receive if she renounces the provisions of my will." He said: "I give to my wife * * * that portion of my real estate and personal estate allowed to her under the laws of the State of Illinois, the same as would be allowed to her provided I departed this life intestate." Such portion could be determined only by the laws in force at the time of his death. The testator did not say merely that his wife should receive "that portion of my real and personal estate allowed her under the laws of the State of Illinois," which, standing alone, might indicate the laws in force at the time the will was made. He added the significant phrase, "the same as would be allowed to her provided I had departed this life intestate," thereby expressly designating the laws in force at the time he "departed this life" as those under which she should take. No different construction could possibly give effect to the intention of the testator as thus expressly declared by him. In order to ascertain his intention as to the amount the appellant is to receive he must be regarded as having died intestate as to

all of his property, (*Rawson* v. *Rawson,* 52 Ill. 62,) otherwise the language, "provided I departed this life intestate," would be given no effect. The intention of the testator to be ascertained is not that which by inference may be presumed to have existed in his mind but that which by the words used in the will he has expressed. (*Pontius* v. *Conrad,* 317 Ill. 241; *Engelthaler* v. *Engelthaler,* 196 id. 230; *Williams* v. *Williams,* 189 id. 500; *Bingel* v. *Volz,* 142 id. 214.) The interest of the appellant must be determined by the laws in force at the time of the testator's death.

The appellant can take nothing under the Statute of Descent because its provisions apply only to intestate estates. (*Suiter* v. *Suiter,* 323 Ill. 519; *Fife* v. *Fife,* 320 id. 270; *Shoup* v. *Shoup,* 319 id. 179; *Kilgore* v. *Kilgore,* id. 298.) She takes under the will, and the statute is material only because the will gives to her the portion of the estate to which the statute would entitle her if the testator had died intestate.

The law is that the intention of the testator must be given effect unless to do so would contravene some principle of public policy or some rule of property. (*DesBoeuf* v. *DesBoeuf,* 274 Ill. 594; *Phayer* v. *Kennedy,* 169 id. 360; *McCormick* v. *Sanford,* 318 id. 544; *Pereboom* v. *Cloyd,* 317 id. 85.) In the *DesBoeuf case, supra,* the testator by the last clause of his will gave the residue of his estate to his wife and son "as the statutes of the State of Illinois provide." The court denied the contention that this clause was invalid and held that the widow of the testator took "according to the provisions of the statute." The provisions for the appellant under the eighth clause of the will of the testator in this case, by which she is given that portion of his estate to which she would have been entitled had he died intestate, do not violate any principle of public policy or any rule of property. On the contrary, these provisions are in precise accord with the rules of property

enacted by the legislature for the devolution of intestate estates and with the principles of public policy thereby declared. It does not contravene any principle of public policy or rule of property to give effect to the intention of the testator that the appellant should receive that portion of his estate to which she would have been entitled had he died intestate.

If the testator had died intestate the appellant would have received, under the laws in force at the time of his death, one-third of his personal estate and a one-third interest in fee in the real estate of which he died seized and in which she waived her right of dower. In such a case her right of dower in the real estate of which he died seized could be waived either expressly by filing within one year after his death a written waiver of dower in such real estate, or impliedly by failing to file within that time an election to take dower therein. (*Steinhagen* v. *Trull, supra.*) In this case, however, the only election open to the appellant was between dower and the provision made for her by the will, and the election to take dower could be exercised only by the renunciation in the manner required by law, within one year, of the issue of letters testamentary or of administration, of the benefit of the provision made for her by the will. There was no such renunciation and she therefore had no right of dower. Instead of waiving her right of dower she had elected to accept in lieu of it the provision made for her by the will, which was that portion of the testator's real and personal estate which would have been "allowed to her under the laws of the State of Illinois" if her husband had died intestate. She was entitled to that portion of the testator's real estate not because it was allowed her under the law but because the will gave it to her. The portion of an intestate's real estate which is allowed to his widow under the laws of this State at the time of Worth McCormick's death was dower,—that is, a

life estate in one-third of his real estate, or, at her election, manifested in the manner provided by law, one-third of his real estate in fee,—the estate in fee being subject to the debts of the estate while the life estate was not. It was this provision which was "allowed to her under the laws of the State of Illinois," and it was this provision which by the language of his will the testator intended her to receive. She could have elected to take, instead of the provision made for her by the will, dower in the testator's real estate, which was a life estate in one-third of it, but she could do this only by renouncing the will. She did not renounce the will within the time fixed by law, and by her failure to do so she accepted the provision made for her by the will. She was not, however, obliged to waive her dower in the testator's real estate, for she did not take under the Statute of Descent but under the will, and the provision made for her by the will was, under the law, in lieu of dower. She had, therefore, no dower to waive, and the provision of the will which gave her that portion of the testator's real estate "allowed to her under the laws of the State of Illinois" was in effect a devise of one-third of his real estate in fee. It must be presumed that the testator intended she should take some interest in his real estate, and since by the very fact of accepting the provision made for her in the will she deprived herself of dower, there was no way for the provision to operate except as a devise of the fee in one-third of the real estate. It cannot be said that the testator, intending to give his wife an interest in his real estate, devised to her one-third of it in fee and in the same clause of his will made the devise dependent upon a condition that she waive dower when the acceptance of the devise deprived her of dower, and that therefore it was impossible for her to waive the dower to which she had no right. We are here construing the will in connection with the statute. The appellant is entitled to receive under the will a one-third in-

terest in fee in the real estate, subject to her right of homestead in that portion thereof which constitutes her homestead, to which she is also entitled. She is further entitled under the will to one-third of the personal estate of the testator.

It is further contended by the appellant that the court erred in refusing to allow her the reasonable fees of her solicitors in these proceedings, to be paid from the assets of the estate. The position of the appellees is that such fees can be allowed and paid out of the assets of the estate only where a trust is involved in the will sought to be construed. The rule is not so limited. Where a testator has expressed his intention in his will so ambiguously that it becomes necessary to prosecute a suit in chancery in order to obtain a construction of the will, the reasonable fees of the solicitors for the complainant should be paid from the assets of his estate even though a trust is not involved in the will sought to be construed. (*Ward* v. *Caverly,* 276 Ill. 416; *Dean* v. *Northern Trust Co.* 266 id. 205; *Strickland* v. *Strickland,* 271 id. 614.) The ambiguity of the will in this case is such that a construction of the will is clearly necessary in order to determine the interests of the beneficiaries thereunder. The court should have allowed to the appellant the reasonable fees of her solicitors in these proceedings, to be paid out of the assets of the estate.

The decree of the circuit court is reversed and the cause is remanded, with directions to determine the reasonable fees of the solicitors for the appellant in these proceedings and to enter a decree in conformity with the views herein expressed.

*Reversed and remanded, with directions:*