Thomas & Thomas, New Castle, for appellants.

Davis & Saunders, Robert F. Matthews, Sr., William H. Hays, Shelbyville, for appellees.

MILLIKEN, Judge.

This appeal presents one pivotal question upon which the answers to other questions hinge: The construction of Item Third of the will of W. H. Landers, which is as follows:

> "Third: I will to my wife, Mattie Landers, if she be legally my wife at the time of my death, and not otherwise, such portion of my estate as is allowed to her by the laws of Kentucky as if I had died intestate."

The will was written on February 13, 1953, and Mr. Landers died on January 31, 1958. By reason of the amendment of KRS 392.020 by the 1956 General Assembly, there was a substantial change in the law of Kentucky, effective July 1, 1956, and the ap-

Mamie SCROGHAN et al., Appellants,

v.

Clarence R. LANDERS, Individually, etc., et al., Appellees.

Court of Appeals of Kentucky.

Oct. 16, 1959.

plicability of the change on the construction of Mr. Landers' will is presented on this appeal.

It is undisputed that had the law of Kentucky remained unchanged from its provisions as they existed when the will was written, the appellee, Mattie Landers, would have taken an estate for life in one-third of the decedent's real estate, plus half of the personalty. However, it is also undisputed that the law was changed, effective July 1, 1956, so that now, in case of intestacy, the surviving widow takes a fee simple estate in one-half of the real estate as well as one-half of the personalty. KRS 392.020.

The appellants, of course, contend that the law as it existed at the time the will was written should gauge the extent of Mattie Landers' share in the estate. Conversely, it is the contention of the appellee, Mattie Landers, that the law as it stood at the time of the death of decedent controls, so that she takes an absolute estate in one-half of the decedent's assets. The learned trial judge upheld the latter contention, and this appeal followed.

In Kentucky it is provided by statute, KRS 394.330, that a will is effective as of the date of death of the testator: "A will shall be construed with reference to the real and personal estate comprised in it, to speak and take effect as if it had been executed immediately before the death of the testator, unless a contrary intention appears in the will." See, also Gooding v. Watson's Trustee, 235 Ky. 562, 31 S.W.2d 919; Slack v. Downing, 233 Ky. 554, 26 S. W.2d 497; Dwight v. Dwight, 64 R.I. 294, 12 A.2d 227, 129 A.L.R. 855 et seq.; McCormick v. Hall, 337 Ill. 232, 168 N.E. 900, 66 A.L.R. 1062. As to incorporating a statute by reference, see Johnson v. Jacob, 11 Bush 646, 74 Ky. 646; Wilson v. Fisher, 298 Ky. 790, 184 S.W.2d 104.

We are constrained to agree with the conclusions of the learned trial judge that the law in effect at the time of the testator's death controls the construction of this will, although it does make a material change in the distribution of the testator's estate from the law in effect at the time the will was executed, a change which the testator in all likelihood did not contemplate. For a collateral problem see Ellenstein v. Rider, Ky.1959, 327 S.W.2d 945.

The judgment is affirmed.