**Samuel CARLICK et al., Appellants,**

**v.**

**John W. KEILER, II, Trustee, etc., et al., Appellees.**

Court of Appeals of Kentucky.

Feb. 7, 1964.

Samuel Carlick, Joseph S. Freeland, Paducah, for appellants.

Herbert Schultzman, Terrell, Schultzman & Hardy, James G. Wheeler, Wheeler & Marshall, Paducah, for appellees.

Alvin L. Prichard, Sr., Kenneth L. Anderson, Woodward, Hobson & Fulton, Louisville, for appellee, Emanie Arling.

ALEX P. HUMPHREY, Special Commissioner.

This suit grew out of an accounting of trustees under the will of Joseph L. Friedman who died in 1913. It is here on the appeal of the guardians ad litem representing several infant cestuis. The testator provided that the residue of his estate "be converted into good, interest-bearing securities which shall be turned over by my executors to the * * * trustee." The trustees have invested in preferred and common stocks of corporations as well as bonds and debentures. Over the period of the trust, the estate increased in value from $500,000 to approximately $2,000,000.

The trial court approved the investments heretofore made by the trustees and construed the administrative directions of the will as meaning to include common and preferred stocks, bonds, debentures, rights, and similar sound investments from which prudent businessmen would expect to obtain reasonable returns and which would be regarded as proper and safe investments for a trust fund such as the one here in question.

The single issue on this appeal is whether, as contended by the appellant guardians ad litem, the trust should be limited to bonds and debentures under the terms of the will of the settlor.

In the paragraph of the will setting up the trust the testator's intent was summarized in a final sentence:

"* * * It being my purpose to create an estate in the hands of the trustee * * * the income from which shall

go to my mother and my three sisters as long as my mother lives and at her death to my three sisters as long as they live and in the event of the death of either one of them her interest shall go to her children."

From the entire paragraph concerning the trust we find that the settlor's intent was to provide income for his mother and sisters during their life, which necessarily involved the preservation of the value of the principal so as to produce that income.

The will was drawn in 1908, but of course speaks from the time of the settlor's death in 1913. At that time the accepted method of prudent investors in providing a working fund of long duration was to invest in high-grade bonds at a fixed rate of interest. Such was thought to be the most efficient prevention of a depreciation inasmuch as the bonds and interest were a claim of priority upon the assets of the debtor and not dependent on its profits susceptible to fluctuation. The theory was sustained by the relative stability of the dollar. Twenty years after the death of the settlor the United States went off the gold standard, and just prior to World War II the effects of inflation began to be felt. Its progress has been apparent. To assure a comparative income as well as to preserve the comparative value of a capital fund, the contemporary prudent investor, as were the trustees of this fund, seeks recognized stocks paying dividends from the corporate profits whose values will float with the inflationary tide rather than bonds of a value and interest rate forever pegged as of the time of their issue. See In re Trusteeship Under Agreement with Mayo, 259 Minn. 91, 105 N.W.2d 900.

The terms of the will are plain to indicate that the settlor contemplated trust investments of his estate in the form of bonds and debentures, but he could not anticipate the progressive inflation which has occurred and its adverse effect upon his plan of providing security for the beneficiaries should his directions now be literally followed.

The Court's jurisdiction to enforce trusts should and does include the power to vary the details of administration which the settlor has prescribed, in order to secure the more important result, namely, to obtain for the beneficiaries the advantages which the settlor stated he wished them to have. In this case the limitation of investments to bonds and debentures would frustrate the settlor's main objective of providing a comfortable income to the objects of his concern. Security Trust Co. v. Mahoney, 307 Ky. 661, 212 S.W.2d 115; Bogert, Trusts and Trustees, section 561. (2d Ed. 1960)

It is our opinion that the Chancellor was correct in approving the investments made by these trustees insofar as the issues here involved, and to allow the continued investment in common and preferred stocks and rights, as well as in bonds and debentures.

We recommend that the judgment of the Court below be affirmed.

The opinion is approved by the Court and the judgment is affirmed.