90 N.J. Super. 539 (1966)
218 A.2d 427
PATRICIA AGNES NICKELL, PLAINTIFF,
v.
CLAIRE M. GALL, INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE OF CONSTANCE M. ZACK, DECEASED, AND AS EXECUTRIX OF THE ESTATE OF MARY MAYAUSKAS, ALSO KNOWN AS MARY MAJOSKA, DECEASED, ET AL., DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided March 24, 1966.
*541 Mr. Gerald W. Conway for plaintiff (Messrs. Schreiber, Lancaster & Demos, attorneys).
Mr. C. Russell Kramer for defendant, Claire M. Gall (Messrs. Smith, Kramer & Morrison, attorneys).
MINTZ, J.S.C.
This matter is before the court on defendants' motion to dismiss the complaint for failure to state a claim upon which relief can be granted. R.R. 4:12-2(e).
Plaintiff in her complaint seeks to establish that she is the sole heir at law of decedent Constance M. Zack, who died intestate in Essex County on October 23, 1964. Plaintiff is decedent's sole natural child. Besides plaintiff, he was survived by three sisters and a brother, one of whom was appointed administratrix of his estate.
Plaintiff in 1928, when she was approximately two years old, was adopted by her aunt and uncle, Agnes and Charles Dunlap. In accord with the laws of that time, the adoption decree cut off all existing rights, privileges and duties between plaintiff and decedent "except for the right of inheritance." The adoption statute in effect in 1928 (L. 1902, c. 92, as amended) expressly reserved this right of inheritance.
*542 In 1953 the New Jersey Legislature enacted as part of new adoption legislation N.J.S.A. 9:3-30, which provides:
"A. The entry of a judgment of adoption shall terminate all relationships between the child and his parents, and shall terminate all rights, duties, and obligations of any person which are founded upon such relationships, including rights of inheritance under the intestate laws of this State; * * *.
B. The entry of a judgment of adoption shall establish the same relationships, rights, duties and obligations between the child and the adopting parent as if such child were born to such adopting parent in lawful wedlock. In applying the intestate laws of this State, an adopted child shall have the same rights of inheritance as if born to the adopting parent in lawful wedlock. In the construction of any testamentary or other document executed subsequent to the effective date of this act, an adopted child shall be deemed lawful issue of the adopting parent unless such document shall otherwise provide."
Defendants contend that plaintiff's rights of inheritance by intestacy were terminated by the 1953 statutes. They argue that In re Holibaugh's Will, 18 N.J. 229 (1955), is dispositive of the issue here presented. Holibaugh concerned the exact same situation but under the adult adoption statute. The court there held that the statutes in effect at the time of decedent's death controlled as to intestate succession and that the right to inherit property in the future is not a vested right. The court said:
"* * * The Legislature has power to change the course of descent, and such change will operate instantly upon all estates which may subsequently descend. The law existing at the time of descent cast governs the right to inherit. A mere expectation of property in the future is not considered a vested right, and hence `the rules of descent are held subject to change in their application to all estates not already passed to the heir by the death of the owner.' Cooley, Const. Lim. (6th ed.) 439. Wunderle v. Wunderle, 144 Ill. 40, 33 N.E. 195, 199, 19 L.R.A. 84 (Sup. Ct. 1893). See also McCormick v. Hall, 337 Ill. 232, 168 N.E. 900 (Sup. Ct. 1929), 66 A.L.R. 1062." (at p. 235)
Plaintiff urges that Holibaugh is distinguishable in that the language of this statute, particularly the repealer provision, N.J.S.A. 9:3-34, shows a different legislative intent *543 than in the adult adoption statute, the subject of consideration in Holibaugh. N.J.S.A. 9:3-34, entitled "Repeal of Prior Law," applicable to the instant situation, provides that:
"Subtitle two of Title 9 of the Revised Statutes, as amended and supplemented, is repealed, but nothing in this act shall be deemed to invalidate or otherwise affect any adoption granted or any right or duty vested or established under any law heretofore in effect."
In Holibaugh the repealer clause provided that "such repeal shall not affect any right now vested in any person pursuant to the provisions" of the title "nor any remedy" in a pending action or proceeding thereunder. L. 1951, c. 344.
Plaintiff concedes that Holibaugh is determinative that the right to inherit by intestacy is not a vested right. But it is argued that the express reservation of this right in the prior law and in the adoption decree makes this a right "established under any law heretofore in effect," and therefore expressly preserved by N.J.S.A. 9:3-34. I find this contention without merit. The right to inherit through intestacy is a mere expectancy and is not "established" within the purview of the applicable statute.
Plaintiff further argues that this change in the intestate succession laws "affects" the previous adoption, since that adoption expressly contemplated that the adopted child might inherit from his natural parents. I disagree. The adoption is not "affected" within the intent and meaning of the repealer clause, N.J.S.A. 9:3-34. That provision was designed to protect the status of an adopted child under the former statute, but not to limit the power of the Legislature to subsequently change the course of descent.
N.J.S.A. 9:3-17 to 9:3-35 in its entirety indicates an intent upon the part of the Legislature to treat an adopted child in all respects as if he had been born to such adopting parents in lawful wedlock, and to terminate all relationships between the child and his natural parents and rights founded upon said relationships, including the rights of inheritance. Such a policy change was meant to take effect immediately as *544 to all adopted children, not merely those adopted subsequent to the 1953 legislation.
Plaintiff argues that the Legislature intended this statute to have only prospective effect. This is not so. As the sentence in N.J.S.A. 9:3-30, subd. B, concerning the construction of after-executed testamentary or other documents indicates, the Legislature, when wishing a provision to have only prospective effect, was specific in that regard.
The motion by defendants to dismiss the complaint for failure to state a claim is granted. A form of judgment shall be submitted, consented to as to form or to be settled on notice.