Robert RICHIE, Appellant,

v.

Ollie RICHIE and Robert H. Brown, Administrator With Will Annexed of Estate of William Thomas Richie, Appellees.

Court of Appeals of Kentucky.

Feb. 4, 1972.

Ronald Snyder, Jeffersontown, for appellant.

Edgar E. Sullivan, Taylorsville, W. R. Gentry, Jr., Bardstown, for appellees.

CULLEN, Commissioner.

The administrator with the will annexed of the estate of William Thomas Richie, deceased, brought action against Richie's widow and son seeking a declaratory judgment as to the extent of the widow's share in the real estate under the terms of the will, and as to the validity of the widow's claim against the estate for reimbursement for amounts expended by her out of her own funds, during Richie's last illness, for medical and nursing care. The circuit court entered judgment declaring that the widow was entitled to a one-half fee interest in the decedent's real estate, and that the widow's claim for reimbursement was valid. The son has appealed.

The provision of the will devising an interest in the real estate to the widow is as follows:

"I hereby will, bequeath and devise to my beloved wife, Ollie Richie, a one-third undivided interest in my real estate for her lifetime, same being the identical interest fixed by the laws of the Com-

monwealth of Kentucky as the dower right of a widow in the lands of her husband."

■ The problem arises from the fact that when the will was *written*, in 1955, a widow's dower right was in all cases a one-third undivided interest for life, under KRS 392.020, but at the time of the testator's death, in 1968, KRS 392.020 and 392.080 had been amended by a 1956 Act (Chapter 117 of the Acts of 1956) so that the dower right of the widow of an *intestate* was a one-half interest in fee (the right of the widow of a testate spouse, on renunciation of the will, continuing to be a one-third interest for life). It was the opinion of the circuit court that Richie's widow was entitled to a one-half interest in fee, by reason of the provision of KRS 394.330 that a will shall be construed to speak as if it had been executed immediately before the death of the testator unless a contrary intent appears in the will, and by reason of the holdings in Ellenstein v. Rider, Ky., 327 S.W.2d 945, and Scroghan v. Landers, Ky., 328 S.W.2d 411. We do not concur.

The will clearly and unequivocally fixes and limits the estate devised the widow as a one-third interest for life. By way of parenthetical explanation of the testator's *reason* for so doing, he adds the statement that this is the legal dower interest of a widow. There is no ambiguity, even if the will is considered to speak as of immediately before the testator's death, because his reason then simply turns out to be a partly erroneous one. This furnishes no basis for construing his will to devise what possibly he might have wanted to devise had he correctly understood what the law was. Particularly is this so in the instant case, because the dower right of the widow of a *testate* husband was at the time of Richie's death exactly what he thought a widow's dower interest was when he wrote his will, so there is no basis on which a court could say that Richie meant for his widow to receive the *highest* dower right the law might allow her.

It is well established that in the case of an exception in a deed, the recitation of erroneous circumstances or the reason for the exception will not limit the exception. See Gibson v. Sellars, Ky., 252 S.W.2d 911. As said in *Sellars*, at page 914, "The court is not concerned with reasons for the exception, but rather, what is the exception." We think the same principle is fully applicable to the instant case.

The provision of KRS 394.330 that a will shall be construed to speak as if it had been executed immediately prior to the testator's death really has no application here, because Richie's will means the same thing whether construed to speak as of the day it was written or as of the moment immediately preceding his death. In either case the will leaves the widow a one-third interest for life, the only difference being in the correctness of the testator's *reason* for so doing.

Ellenstein v. Rider, Ky., 327 S.W.2d 945, is not controlling because the will in that case was of an entirely different character. There, the will said: "If, when I die, a wife survives me, such wife is to take her statutory rights only and no more." That will gave the widow her "statutory rights," whatever they might turn out to be. Richie's will gave his widow a specific, fixed and limited estate. The same distinction exists as to Scroghan v. Landers, Ky., 328 S.W.2d 411, where the provision of the will was, "I will to my wife * * * such portion of my estate as is allowed to her by the laws of Kentucky as if I had died intestate."

It is our conclusion that Richie's widow was entitled only to a one-third interest for life and that the trial court erred in awarding her a one-half interest in fee.

■ As concerns the widow's claim for reimbursement for moneys expended by her out of her own funds for medical and nursing services for Richie during his last illness, we think the lower court properly held the claim to be valid. The evidence was that the nursing services were of a

professional character, beyond those that a wife normally would be expected to perform for her husband. This court has held that a wife may recover from her husband's estate for doctor's bills paid by her on his behalf out of her personal funds. Gilliam v. Gilliam, 146 Ky. 15, 141 S.W. 370. We think the same principle applies to professional nursing services. The services were not of such a character as to create a presumption that the wife would render them gratuitously, as were the services in Dowell v. Dowell's Adm'r, 137 Ky. 167, 125 S.W. 283.

The judgment is affirmed in part and reversed in part, with directions to enter judgment in conformity with this opinion.

All concur.