**Shirley Pierce ALEXANDER et al.,**
**Appellants,**

**v.**

**John G. HICKS, Executor of the Last Will and Testament of Alta Lee Pierce, Deceased, and John G. Hicks, Trustee, Appellee.**

Court of Appeals of Kentucky.

Dec. 15, 1972.

Squire N. Williams, Jr., Frankfort, Lee Lanter, Williamstown, for appellants.

Herman E. Frick, Louisville, for appellee.

PALMORE, Justice.

By the sixth clause of her will, signed in 1962 and admitted to probate in 1966, Alta Lee Pierce devised the residue of her estate to the appellee, John G. Hicks, in trust for the following uses:

1. For the support of the appellant Shirley Pierce Alexander (testatrix's daughter and only child) for life, subject to a provision that in the event of the death of Shirley's husband, Robert E. Alexander, or in the event they should become "legally divorced," six years thereafter the trust fund will pass to Shirley, if she is then living, outright and free of the trust, thereby terminating the trust.

2. Upon the death of Shirley during the life of the trust it shall continue for the benefit of her son, the appellant Kirk Ellington Tiff. Subject to the judgment and discretion of the trustee, the corpus of the trust estate is to be turned over to Kirk in stages so that when he attains the age of 35 the trust will terminate. However, these distributions are made subject to the sole discretion of the trustee in determining whether Kirk has lived up to the condition that he "live a sober, respectable life and that he exhibit a willingness to work diligently and to save a reasonable amount of his earnings." Kirk's failure to satisfy this condition results in a continuation of the trust for his benefit.

3. Should Kirk die before the termination of the trust, provision is made for his issue. If both Shirley and Kirk die during the life of the trust and Kirk leaves no issue, the trust is to continue for the benefit of testatrix's sister, the appellant Erma Joe King (if she is then living) for her lifetime with remainder over to the St. Matthews Methodist Church.

Shirley, Kirk and Erma Joe brought this suit against the trustee for a declaration of rights asking that the trust be adjudged invalid. Just what benefits would befall Kirk and Erma in that event (and, therefore, what may be their standing in this respect to attack the trust) we do not quite perceive, but in view of our opinion on the merits we need not pursue the subject.

The appellants make two contentions. One is that the discretion vested in the trustee with respect to Kirk's interest is too broad. The other is that the provision terminating the trust and vesting the legal fee in Shirley at the end of six years following her husband's death or a divorce between them is against public policy and thus void because it encourages the beneficiary to precipitate a divorce (to say nothing of promoting an untimely demise of her husband).

As to the first of these points we need do no more than hold that the trust is valid. It is not incumbent on the courts to decide questions that may never arise. Relief by way of declaratory judgment is conditioned on the existence of an actual controversy. KRS 418.040. There is and can be no actual controversy with respect to the trustee's power toward Kirk's interest in the trust until the death of Shirley, and then only if the trust shall not theretofore have terminated. "The condition precedent to a declaration of rights is the existence of an actual controversy respecting a justiciable issue, rather than a prospective controversy." City of Covington v. Sohio Petroleum Company, Ky., 279 S.W.2d 746, 751 (1955).

**338**

 The principle that unbridled discretion in a trustee is incompatible with the essential nature of a trust and therefore defeats its existence applies only when such discretion enables the trustee to convert the trust estate to his own use, as he pleases. Cf. 54 Am.Jur. 47–48 (Trusts, § 36). In that instance the law simply recognizes that the trustee really is the absolute owner. Cf. Restatement 2d, Trusts, § 125. However, a discretion which, though purportedly unlimited in other respects, can be exercised only for the benefit of other persons does not in itself invalidate a trust. 54 Am.Jur. 48 (Trusts, § 36). Not only is the trustee's power limited with respect to the purposes and beneficiaries of the trust, it is limited also by the duties imposed in all trustees, such as good faith, diligence, and the like. *Id.,* p. 234 (Trusts, § 294); Cromie v. Bull, 81 Ky. 646, 652, 5 K.L.R. 735 (1884).

It is our opinion, therefore, that the breadth of discretionary power the will purports to confer on the trustee in this case has no effect upon the validity of the trust.

There is a generally accepted principle of law to the effect that bequests conditioned on divorce or separation are invalid as against public policy. Gifts for the support of female recipients have been regarded as an exception. See annotation, "Wills: Validity of condition of gift depending on divorce or separation," 14 A.L. R.3d 1219. In Winn v. Hall, 1 K.L.R. 337 (1880), a codicil leaving the testator's daughter $1,000 "whenever she should become free from the power of" her husband, added to the will at a time when a divorce proceeding between the daughter and her husband was pending, was upheld. One of the reasons stated by the court for this conclusion was that it would not be presumed that the testator's purpose was to encourage a dissolution of the marital relation. There is even less reason to presume it in the instant case, and we are of the opinion that the condition is not objectionable. Even however if it were, it is diffi-

cult to comprehend in what manner any of these appellants would prosper, since only the condition itself would fall. Cf. Bogert, Trusts and Trustees, § 211 (2d ed. 1965), p. 432.

The judgment is affirmed.

All concur.