Jane Ellen Boggess HURST, Movant,

v.

FIRST KENTUCKY TRUST COMPANY and Lucy Kavanaugh Beam et al., Respondents.

Supreme Court of Kentucky.

Jan. 10, 1978.

Marvin J. Hirm, Greenebaum, Doll, Matthews & Boone, Louisville, for movant.

John P. Sandidge, Woodward, Hobson & Fulton, Louisville, for respondents.

PER CURIAM.

T. Jeremiah Beam died testate on May 2, 1977. The First Kentucky Trust Company and Lucy Kavanaugh Beam, his surviving spouse, were designated and qualified as co-executors of the estate pursuant to the terms of his last will and testament.

Jane Ellen Boggess Hurst, a niece of T. Jeremiah Beam, is a contingent beneficiary under his will in the event of the failure of Lucy Beam to exercise a power of appointment granted to her in the will. The contingent interest of Hurst, absent exercise of the power of appointment, consists of a fractional interest in what remains after the death of Lucy Beam, of the corpus of a trust created for her benefit during her lifetime. For this reason, the primary interest of Hurst concerns the method used in selecting assets to be allocated by the co-executors to the widow and to the trust in satisfaction of the bequests for these purposes.

Item IV of the will of T. Jeremiah Beam and the first literary paragraph of Item V of the will provide:

"Item IV. If my wife, LUCY BEAM, shall survive me, I bequeath and devise to her in fee simple absolute an amount equal to the difference between (a) one-half (½) of the value of my adjusted gross estate as determined for Federal Estate purposes and (b) the value of all property interests (included in my estate for Federal Estate Tax purposes) which pass or have passed to my wife under any other article of this will or otherwise in such manner as to qualify for the marital deduction under the Federal Internal Revenue Code.

"Whenever used in this article, the words 'adjusted gross estate,' 'marital deduction' and 'pass' shall have the same meaning as same words have under the provisions of the Federal Internal Revenue Code applicable to my estate.

"Only assets which qualify for the marital deduction shall be allotted to such fractional share. However, the Executor is authorized to satisfy such gift in money or in kind, or partly in money and partly in kind; and if wholly or partly in kind, to select, transfer and convey to said Trustee the specific assets or asset so selected, provided, that any assets transferred in kind to satisfy said gift shall be valued for that purpose at the respective

values thereof as finally determined for Federal Estate Tax purposes. Subject to the foregoing, the decision of the Executor as to which assets shall be binding and conclusive on all persons, and this gift shall carry with it (as income and not as corpus) its proportionate part of the income of the estate from the date of my death.

"ITEM V. All the rest and residue of my estate, after the payment of the specific bequests made herein and the devises and bequests set forth to my wife, I give, devise and bequeath to THE KENTUCKY TRUST COMPANY of Louisville, Kentucky, in trust, for the following uses: * * *."

Hurst asserts that these provisions of the T. Jeremiah Beam will require that assets set over to the widow or to the trust must be distributed with reference to the value for federal tax purposes and without reference to their value at the date of distribution of the value on that date differs from the value for federal estate tax purposes.

The co-executors contend that even though the assets ultimately allocated to Lucy Beam outright and to the trust are of equal value for federal estate tax purposes these assets must also be of equal value when eventually distributed.

The trial court entered a judgment, supported by adequate findings of fact and conclusions of law, directing that the co-executors distribute estate assets in satisfaction of the bequests under Item IV and Item V of the T. Jeremiah Beam will in a fair, impartial, and equitable manner so that all distributions, including cash, shall be fairly representative of appreciation or depreciation in the value of all property, including cash, available for distribution.

The Court of Appeals affirmed. We granted Hurst's motion for discretionary review and now affirm the decision of the Court of Appeals and affirm the judgment of the Jefferson Circuit Court.

A resolution of the issues advanced by the parties to this proceeding requires a reexamination of the duties and obligations of a fiduciary (the co-executors) in dealing with the various beneficiaries named in the will of T. Jeremiah Beam. Of necessity, this requires an analysis of the pertinent clauses of the will correlated with the exercise of the duties of the fiduciary within the context and meaning of Item IV and Item V of the will.

The courts have consistently refused to restrict the right of a testator to decide who will be his beneficiaries and what part of his estate each will receive. However, when a fiduciary, in the exercise of his discretion, is vested with the authority to distribute the assets of an estate, he is required to exercise his discretion fairly.

It has been the duty of fiduciaries for centuries to deal fairly and impartially with all beneficiaries. This basic concept and rule is stated in Restatement of Trusts, 2d, Section 183, as follows:

"Where there are two or more beneficiaries of a trust, the trustee is under a duty to deal impartially with them."

The will of T. Jeremiah Beam clearly establishes his intent to give his widow, Lucy Beam, one half of the "adjusted gross estate," the amount necessary to get the maximum "marital deduction" for the federal estate tax. Internal Revenue Code, Sec. 2056. Cf. *Lincoln Bank & Trust Company v. Huber,* Ky., 240 S.W.2d 89 (1951).

At first glance, it would be presumed that a clause simply leaving one half of "my estate" to the testator's spouse would be sufficient. However, assets such as life insurance and jointly owned property are not parts of the probate estate. As a result of these differences, so-called "formula clauses" were worked out to be sure that the spouse received the full marital deduction and no more. This procedure was followed so as not to make the marital deduction portion any larger than what is needed to save the maximum taxes at the death of the testator, since that part will be subject to death taxes at the date of the death of his spouse.

The ultimate result of Hurst's argument would permit a fiduciary to favor one bene-

ficiary to the detriment of the other. For example, the value of two particular items for federal estate tax purposes might be equal. Yet, upon ultimate distribution, one of these items may have become completely worthless, while the value of the other may have appreciated tenfold.

■ Thus, a distribution of the worthless item to Lucy Beam would not only completely frustrate the obvious intent of the testator but would clearly constitute an abuse of the discretion vested in the fiduciary. After all, T. Jeremiah Beam wanted Lucy Beam to receive a total of one half of his estate, and this purpose can only be accomplished by taking into consideration the appreciated value and depreciated value of all assets at the time of distribution.

■ The co-executors of the T. Jeremiah Beam estate are required by Kentucky law of long standing to obtain for beneficiaries that which the testator wished them to have. Nothing less will satisfy the law's requirements.

In *Cromie v. Bull,* 81 Ky. 646 (1884), the court, in delineating the duties of a fiduciary, said:

"That courts of equity can and will interfere to prevent the improper exercise of a discretionary power is a doctrine well understood.

"It is difficult, in fact, to create a trust where the trustee has such unlimited power over the trust property as to preclude the chancellor from controlling his actions, when his conduct is such as to indicate a palpable or fraudulent abuse of his power to the injury of the parties in interest."

The discretionary grant of authority at issue in *McFerran v. Fidelity Trust Company,* 140 Ky. 536, 131 S.W. 393 (1910), provided:

"I have vested in him the largest and uncontrolled discretion and I insist that by discretion I mean his own uncontrolled notion and conclusion of what he thinks best."

However, the court did not hesitate to intervene and, in so doing, said:

"The trustee is given by the will a broad discretion; still it is not an arbitrary discretion, but is a sound discretion. The trustee must not violate the terms of the trust, or so act as to defeat its purposes. A court of equity will interfere at the instance of the parties in interest for the benefit of the trust estate, and prevent the trustee from doing that which is calculated to defeat the purposes of the trust."

Finally, the magnitude of a court's authority to intervene and act is clearly stated in *Carlick v. Keiler,* Ky., 375 S.W.2d 397 (1964), in these words:

"The Court's jurisdiction to enforce trusts should and does include the power to vary details of administration which the settlor has prescribed in order to secure the most important result, namely, to obtain for the beneficiaries the advantages which the settlor stated he wished them to have."

See also *Alexander v. Hicks,* Ky., 488 S.W.2d 336 (1972); *Russell v. Princeton Laboratories, Inc.,* 50 N.J. 30, 231 A.2d 800 (1967).

The United States Tax Court, in the case of *Hamelsky,* 58 T.C. 741 (1972), had before it a will in which the marital deduction clause read in part as follows: "The payment of this amount may be made wholly or partly in cash or property as selected by him, provided, however, that all such property so selected shall be valued at the value finally determined for Federal Estate Tax purposes in my estate . . . . The exercise of the foregoing power and discretion by the Executor shall not be subject to question by any beneficiary . . . ."

Of this clause the court said:

"Section 2.02 of Rev.Proc. 64-19 recognizes that where the executor has imposed upon him either by the instrument or by State law, the duty to distribute assets, including cash, fairly representative of appreciation or depreciation in the value of all property available for distribution, the marital deduction is determinable. Under the laws of the State of

New Jersey, the executor is restrained in the exercise of any discretionary powers invested in him. *Russell v. Princeton Laboratories, Inc.,* 50 N.J. 30, 231 A.2d 800 (1967). This Court is of the opinion that New Jersey law clearly imposes upon the executor the duties enumerated by Rev.Proc. 64–19."

The co-executors of the will of T. Jeremiah Beam are required to divide the appreciated or depreciated assets in satisfaction of Item IV and Item V of the will fairly, impartially, and equitably so that all distributions in satisfaction of the bequests under Item IV and Item V of the last will and testament of T. Jeremiah Beam will be fairly representative of appreciation or depreciation in the value of all property available for distribution.

The decision of the Court of Appeals is affirmed, and the judgment of the Jefferson Circuit Court is affirmed.

All concur.