Dorothy PITTS, Administratrix with Will Annexed, of the Estate of Sadie B. Gilbert, Jerry Thompson, Alanson P. Horton, Jeffrey Thompson, Etta Gilbert, Albert Grey Horton, II, James Thompson, Appellants,

v.

ESTATE OF Frank GILBERT, Alexander Gilbert, Co-Administrator, Milbert Gilbert, Co-Administrator, Eric Baker, Elsie Wyatt, Junius Gilbert, Catherine Stevenson, Alex Gilbert, James Gilbert, Charlie Gilbert, Lena Metcalfe, Milbert Gilbert, Ralph Gilbert, Thomas Gilbert, Arthur Gilbert, Appellees.

Court of Appeals of Kentucky.

June 29, 1984.

Wayne J. Carroll, Ewen, Mackenzie & Peden, P.S.C., Louisville, for appellants.

Carl J. Bensinger, Louisville, for appellees.

Before CLAYTON, LESTER and WILHOIT, JJ.

LESTER, Judge.

This is an appeal from the interpretation and construction of a will by the Jefferson Circuit Court.

Sadie Gilbert, testatrix died on November 6, 1978, owning both real and personal property. A will executed by her on April 2, 1976 was admitted to probate, and Frank Gilbert, her husband, was named executor. However, on June 5, 1979, he also died, and Dorothy Pitts, one of the appellants, was appointed as administratrix with the will annexed of the estate of Sadie Gilbert.

As mentioned previously, the will was executed on April 2, 1976. Paragraph (a) of Item III contained a bequest to testatrix's husband of a share of the residuary "as will be equal to the *maximum estate tax marital deduction allowable* in determining the Federal Estate Tax on my gross estate for Federal Estate Tax purposes ...." (emphasis added).

At the time the testatrix executed her will, the maximum amount that the testatrix's husband could receive under Item III

(a) of the will was 50% of the value of the adjusted gross estate. 26 U.S.C. § 2056(c)(1).

Subsequent to the execution of the will, Congress passed the Tax Reform Act of 1976, P.L. 94–455 which amended 26 U.S.C. § 2056(c)(1) to allow a marital deduction of the greater of $250,000 or 50% of the value of the adjusted gross estate.

The trial court ordered that the entire proceeds of the estate of Sadie Gilbert pass to the estate of Frank Gilbert, apparently determining that the law in effect at the time of the testator's death controls.

However, also contained in the 1976 Tax Reform Act was a set of "transitional rules" designed to give individuals an opportunity to plan their estates in accordance with the amended estate tax deduction. Section 2002(d) of the Act, dealing with the effective date of the amendment, expressly provides that:

(1) for decedents dying after December 31, 1976 and prior to January 1, 1979,

(2) whose wills were executed prior to January 1, 1977,

(3) with such will containing a marital deduction clause calling for the spouse to receive the maximum amount, and

(4) in states where no law has been enacted that would construe this type of formula as the marital deduction allowed by the Tax Reform Act of 1976, then the amendment shall not apply, but that clause shall refer to the section as it existed prior to the 1976 Act.

It appears clear that Congress enacted the transitional rule to prevent the very problem presented in this case. Under the pre-1976 law, many individuals may not have intended that a greater amount pass to the surviving spouse than permitted under the then-existing law. 1 Bowe-Parker: *Page on Wills* § 4.19 (1984).

Appellee points out, however, that Kentucky looks to the law in effect at the time of testatrix's death, and cites KRS 394.330 in support of his claim that the trial court correctly ruled that Sadie Gilbert intended the entire amount to go to Frank Gilbert.

It is true that the former Court of Appeals so decided in *Scroghan v. Landers,* Ky., 328 S.W.2d 411 (1959). In *Scroghan,* a testator devised to his wife "such portion of my estate as is allowed to her by the laws of Kentucky as if I had died intestate." *Id.* at 411. When the will was written, the spouse would have taken one-third of decedent's real estate, but at his death, the law was changed to give the spouse one-half of the real estate. The court allowed her to take one-half, even though it acknowledged that the change could possibly be contrary to the testator's intent.

We mention *Scroghan,* however, only to show its distinguishable character from the case at bar. First, we find that under the law at the time the will was made, it was the testatrix's intent that 50% go to Frank Gilbert under Item III of her will. Secondly, under the law at the time of her death, Section 2002(d) of the 1976 Tax Reform Act governed, and only 50% of the value of the adjusted gross estate could go to Frank Gilbert under Item III. Finally, under *Richie v. Richie,* Ky., 476 S.W.2d 190 (1972), we believe KRS 394.330 has no application here, because Sadie Gilbert's will means the same thing whether construed to speak as of the day it was written or as of the moment immediately preceding her death. She gave her surviving spouse a specific, fixed estate under Item III, and gave the remaining share under Item IV, as opposed to merely giving whatever rights may be allowed by law at some later time. Furthermore, this court has held that a testator is presumed to know the law at the time of his death and that he wishes his will to be executed pursuant to that law. *Santoli v. Louisville Trust Co.,* Ky. App., 550 S.W.2d 182 (1977).

Thus, the bequest should be construed to mean a fractional share of the residuary estate equal to one-half of testatrix's adjusted gross estate.

The second issue on appeal deals with the power and authority of the administratrix with the will annexed to determine

which assets will be used to satisfy the bequest discussed throughout this opinion. By virtue of the will itself, and the provisions of KRS 395.050, the administrator with the will annexed has all the same rights as the executor named in the will. Broad discretion has been given, and yet the courts will not hesitate to intervene if necessary. *Carlick v. Keiler*, Ky., 375 S.W.2d 397 (1964).

■ In this particular situation we find that *Hurst v. First Kentucky Trust Co.*, Ky., 560 S.W.2d 819 (1978), is controlling. In *Hurst*, our Supreme Court held that when a fiduciary is distributing assets of an estate, the bequests can only be satisfied after taking into consideration the appreciated value and depreciated value of all assets at the time of distribution. *Id.* at 822. Therefore, the administratrix is required to divide the appreciated or depreciated assets fairly, impartially, and equitably in satisfaction of the bequests of the will of Sadie Gilbert.

■ Finally, as to the power of the administratrix to sell real property, if necessary, KRS 395.050(2) in effect, places an administrator with the will annexed in the shoes of the executor. A power to sell real estate conferred upon an executor passes to an administrator with the will annexed absent an express intention otherwise in the instrument. *Mitchell v. Powell*, 312 Ky. 714, 229 S.W.2d 480 (1950). There is no indication in the will of Sadie Gilbert that the power of sale should not pass to the administratrix with the will annexed.

The decision of the Jefferson Circuit Court is therefore reversed and remanded for proceedings consistent with this opinion.

All concur.